■ KEITH GROVES et al., Respondents, v LAND'S END HOUS-
ING CO., INC., Defendant, and TWO BRIDGES SETTLEMENT HOUS-
ING CORPORATION et al., Appellants and Third-Party Plaintiffs,
et al., Third-Party Defendant.—Order, Supreme Court, New
York County (Beverly S. Cohen, J.), entered July 20, 1990,
which, *inter alia,* granted plaintiffs' motion for partial sum-
mary judgment pursuant to Labor Law § 240 (1) on the issue
of liability only against defendants Two Bridges Settlement
Housing Corporation, Framp of Two Bridges, Inc. and Sherilu
Construction, Inc., doing business as Two Bridges Joint Ven-
ture, is reversed, upon the law, and the motion for partial
summary judgment is denied without prejudice to renewal
after completion of discovery, without costs.

This is an action for personal injuries pursuant to Labor
Law § 240. Plaintiff Keith Groves, a laborer, was allegedly
injured while working at a construction site located in Man-
hattan. Defendants are the owner and general contractor for
that site.

Throughout the course of this litigation, several versions of
the injury-causing accident have been presented by plaintiffs.
The complaint alleges that plaintiff Keith Groves "was caused
to be hit by a forklift crane and/or metal panels and/or other
items loaded on the forklift." The bill of particulars, dated
January 25, 1988, states that plaintiff "was working on a
forklift loading materials from the second floor when he was
struck by an unbalanced load on the forklift causing him to
fall." The amended bill of particulars, dated June 1, 1988,
alleges that plaintiff was moving metal frames from the
ground level to the second story by means of a forklift, which
being "placed on slushy ground, tipped over, propelling plain-
tiff approximately 25 feet to the ground" when one of the
other laborers got off of the forklift. At his deposition on
October 10, 1989, plaintiff testified that when the forklift was
level with the second floor, it stopped and immediately tipped
over to the left with the plaintiff falling to the ground.
Finally, plaintiff's affidavit in support of the motion for partial
summary judgment provides that he was instructed to stand
on the forklift's platform, which was raised to approximately
15 feet to 18 feet above ground, "in order to stabilize the
metal frames [being offloaded] onto the roof of an adjacent
structure" and "as the forklift ascended to the necessary
height * * * [it] tipped over" causing plaintiff to fall.

The motion court, in granting partial summary judgment
pursuant to Labor Law § 240 (1), relied upon the plaintiff's
affidavit and deposition testimony, concluding that there had

been a *"prima facie* showing that plaintiff was working on the forklift had no safety devices nor were any given to plaintiff, and his injuries resulted from his fall of 15 to 20 feet to the ground when the forklift flipped over." In addition, the motion court ruled as a matter of law that "a forklift constitutes a hoist or other device within the purview" of Labor Law § 240 (1).

Because we believe that the inconsistent versions of the accident raise triable issues of fact as to the manner in which the accident occurred and whether Labor Law § 240 (1) was violated, the grant of partial summary judgment as to liability was not proper. *(See, Rodriguez v Tietz Center for Nursing Care,* 161 AD2d 692 [1990]; *Silva v 81st St. & Ave. A. Corp.,* 169 AD2d 402 [1991].)* Since we held in *Yaeger v New York Tel. Co.* (148 AD2d 308, 312 [1989]) that Labor Law § 240 (1) applies only to situations where work is performed at heights, plaintiff's account of the accident as set forth in the complaint may not support a finding that this statute was violated.

Moreover, in light of the outstanding discovery sought by defendants, the opportunity to depose eyewitnesses and other witnesses, the motion for summary judgment was premature. *(See,* CPLR 3212 [f]; *Pastoriza v State of New York,* 108 AD2d 605 [1985].)*

Based upon the foregoing, we need not reach the issue of whether a forklift or its purported use herein was within the purview of Labor Law § 240 (1). In addition, plaintiffs' contention that the court should only consider Keith Groves' affidavit and deposition testimony because the complaint, bill of particulars and amended bill of particulars were verified by counsel rather than by said plaintiff is without merit with respect to determination of plaintiffs' motion for partial summary judgment. Concur—Rosenberger, Kassal and Smith, JJ.

Milonas, J. P., and Ellerin, J., dissent in a memorandum by Ellerin, J., as follows: Under Labor Law § 240 (1) contractors and owners are liable for any injuries proximately caused by a breach of the statutory duty to provide proper safety devices for work being performed at heights. *(See, Yaeger v New York Tel. Co.,* 148 AD2d 308, 312.)* In this case, plaintiff's evidence submitted on his motion for summary judgment, which consisted primarily of his deposition testimony, clearly established that he was working on a forklift 15 to 18 feet above the ground, when the forklift toppled over and he fell and was thereby injured. Since he also testified that there were no

safety devices in use, he made a *prima facie* showing that he was entitled to relief under section 240 (1).

Defendant presented absolutely no evidence refuting this testimony. Contrary to the majority, I find that under such circumstances summary judgment must be granted to plaintiff. The mere fact that plaintiff's account of the accident in his complaint and bills of particulars was not as complete as that in his deposition testimony is irrelevant. Moreover, even in a situation where the allegations in a complaint significantly differ from testimony given, absent prejudice, the complaint may be amended at any time to conform to the proof (CPLR 3025). The only conceivable prejudice in this case is that the complaint itself did not state that plaintiff was actually on the forklift when the accident occurred, thereby leaving unclear that the Labor Law was applicable. However, this omission was soon rectified in plaintiff's bill of particulars, dated January 25, 1988, and defendants can therefore not claim that they were deprived of notice of this significant fact.

Moreover, in this case the so-called different versions are not even inconsistent regarding the salient facts, i.e., the position of plaintiff on the forklift at approximately the second story level and his fall to the ground, but merely less complete and can easily be harmonized. There is absolutely no inference that plaintiffs have in any way whatsoever prevaricated as to the facts. The statements made by, and sworn to, by plaintiff himself are absolutely consistent, and the majority's characterization of them as "inconsistent versions" is perplexing.

I would also find that defendant has had more than ample opportunity to conduct discovery and obtain evidence in its defense, if such evidence exists, since the commencement of this action was over two years before plaintiffs made their motion for summary judgment and there is no reason to deny plaintiffs' motion pending further discovery.