OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
In this Labor Law § 240 (1) action against a site owner and general contractor, the Appellate Division denied as premature plaintiffs’ motion for partial summary judgment as to liability, on the ground that there was "outstanding discovery sought by defendants, the opportunity to depose eyewitnesses and other witnesses.” (175 AD2d 733, 734, citing CPLR 3212 [f].) Given that defendants in their affidavits asserted that they needed more discovery time to depose witnesses as to the use and existence of safety devices, and given that the discovery timetables set forth in a preliminary conference order had not yet expired, we cannot conclude that the Appellate Division erred in its disposition.
Alternatively, the Appellate Division concluded that partial summary judgment was improper, relying on Yaeger v New York Tel. Co. (148 AD2d 308), because not every one of plaintiffs’ half-dozen or more varying versions of the accident involved work performed at heights. As we made clear in Rocovich v Consolidated Edison Co. (78 NY2d 509, 514), Labor Law § 240 (1) applies not simply where the work is performed at heights but where the work involves risks related to differences in elevation. Although Yaeger does not correctly state the law, the Appellate Division’s denial of plaintiffs’ summary *981 judgment motion was nonetheless proper on the ground that "plaintiff[ ] [laborer’s] account of the accident as set forth in the complaint may not support a finding that this statute was violated.” (175 AD2d, at 734, supra.)
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order affirmed, etc.