■ KEITH GROVES et al., Plaintiffs, v LAND's END HOUSING Co., INC., et al., Defendants. TWO BRIDGES SETTLEMENT HOUSING CORPORATION et al., Third-Party Plaintiffs-Respondents, v FRANCIS CONSTRUCTION AT TWO BRIDGES, INC., Third-Party Defendant-Appellant. [601 NYS2d 3] —Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about October 29, 1991, which, *inter alia,* granted summary judgment in favor of defendants and third-party plaintiffs Two Bridges Settlement Housing Corporation and Framp of Two Bridges, Inc. (together known as Two Bridges), unanimously

reversed to the extent appealed from, on the law, with costs and disbursements, and the motion denied.

Plaintiff, a laborer and employee of Francis Construction at Two Bridges, Inc., the general contractor, was injured when he fell from the platform of a forklift that overturned as materials were being offloaded at a construction site owned by defendant Two Bridges Joint Venture (Venture), comprised of Two Bridges and Sherilu. Plaintiff alleges that the various defendants are absolutely liable because the forklift lacked safety devices and none were provided to him. The contract between Venture and Francis contained a provision that "[Francis] agrees to indemnify and hold [Venture] harmless provided [Venture] is free from fault from all claims for bodily injury and property damage * * * that may arise as a direct result from [Francis's] operations under this Agreement".

In November 1989, plaintiff moved for summary judgment on the issue of liability based on a Labor Law § 240 violation against Two Bridges, Sherilu and Venture. The IAS Court held that as a matter a law a forklift constitutes a "hoist or other device" under section 240 (1) and granted plaintiff summary judgment on liability on the ground that defendants had not rebutted the prima facie showing as to their failure to provide proper protection and proximate cause.

On August 15, 1991 this Court reversed (175 AD2d 733), denying, without prejudice to renewal after the completion of discovery, plaintiff's motion for summary judgment as to liability. Among the grounds for reversal were the many inconsistent versions of the accident presented by plaintiff in the course of this action. After a grant of leave by this Court (177 AD2d 1067), the Court of Appeals affirmed (80 NY2d 978).

Meanwhile, after the IAS Court's grant of partial summary judgment but before this Court's reversal, Two Bridges, citing, *inter alia,* the aforementioned indemnity clause, moved for summary judgment against Francis, the third-party defendant. In opposition, Francis argued that the motion was premature in light of the then pending appeal from the grant of summary judgment in plaintiff's favor and the need for further discovery. In October 1991, after this Court's reversal, the IAS Court granted summary judgment on the third-party complaint, relying upon the indemnity provision and Two Bridges' unrebutted claim of lack of involvement in the accident. We reverse.

For Two Bridges to have the benefit of the indemnity clause it must be "free from fault" and demonstrate that plaintiff's

personal injury claim "ar[o]se as a direct result from [Francis's] operations under this Agreement." As this Court noted in reversing the prior grant of summary judgment, plaintiff has given five versions of his accident. Thus, irrespective of whether Labor Law § 240 is even applicable to this accident, there are unresolved questions as to how the accident occurred and whether the accident arose "as a direct result from [Francis's] operations under" the contract. Contrary to Two Bridges' argument, the fact that plaintiff did not "mention Two Bridges in the course of explaining the work at the site or how the accident occurred" does not establish that Two Bridges was free from fault with respect to the accident. Two Bridges' own proofs are insufficient to establish as a matter of law that it was free from fault. *(See, e.g., Pastoriza v State of New York,* 108 AD2d 605, 606-607.)

Finally, we note that the record does not support Two Bridges' claim that Francis was obligated under the contract to include it as a co-insured on any liability policy procured by Francis in connection with the project. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.