■ JOSEPH MACUTEK et al., Appellants, v MARK J. LANSING et al., Respondents, and JOE CANTANUCCI, Doing Business as J & M & SONS, Appellant. [609 NYS2d 385] —White, J. Appeal from an order of the Supreme Court (Travers, J.), entered January 29, 1993 in Rensselaer County, which granted motions by defendants Mark J. Lansing, Linda R. Lansing, William Bornt and Edward Bornt for summary judgment dismissing the complaint and all cross claims against them.

Defendants Mark J. Lansing and Linda R. Lansing contracted with defendant Joe Cantanucci, doing business as J & M & Sons (hereinafter Cantanucci), in October 1987 for the construction of a single-family residence on the Lansings' property in Rensselaer County. Cantanucci hired defendants William Bornt and Edward Bornt as subcontractors to perform framing services.

In November 1987 plaintiff Joseph Macutek (hereinafter plaintiff), a Niagara Mohawk planner, went to the Lansings' property to fix a location for an electric box. He entered the house, which was still in the process of construction, by means of a walkway. The walkway consisted of planks with two-by-fours nailed across them leading from the ground to the top of the front landing and then to two unconnected planks placed across the foundation of the porch leading into the house. Upon exiting the house, one of the two unconnected planks gave way, causing plaintiff to fall and sustain physical injuries. In February 1989 plaintiff brought an action against the Lansings and Cantanucci, alleging negligence and violations of Labor Law §§ 200, 240 and 241, and his wife commenced a separate derivative action against the same defendants in July 1990. Examinations before trial (hereinafter EBTs) were held in these actions on October 15, 1990.

On October 28, 1990, plaintiffs commenced a third action against the Bornts and, on March 15, 1992, the three actions were consolidated. On June 15, 1992, Cantanucci served the Bornts with an EBT notice to be conducted on July 30, 1992, but on July 17, 1992 the attorneys for the Lansings adjourned the EBT due to the unavailability of an attorney and the EBTs were rescheduled for October 1, 1992. However, on August 11, 1992 the Lansings moved for summary judgment, which was followed by the Bornts' cross motion for summary judgment on September 16, 1992; on September 30, 1992 the

EBT of the Bornts was again adjourned due to the pending summary judgment motions. Also, on June 12, 1990 plaintiffs served the Bornts with a cross notice for an EBT. Supreme Court granted the summary judgment motions and this appeal by plaintiffs and Cantanucci ensued.

Both Cantanucci and plaintiffs argue that the Bornts' cross motion for summary judgment was granted prematurely because they had not had an opportunity to depose the Bornts. There is no question that Cantanucci had no right to depose the Bornts until the consolidation of these actions on March 15, 1992, and that 90 days later he scheduled an EBT of the Bornts. As discovery had not been completed and all parties have denied responsibility for placing the planking where plaintiff fell, the inability of Cantanucci to depose the Bornts placed him at a significant disadvantage in responding to the motions. Because Cantanucci has made a threshold showing that the Bornts built the wooden framework for the house, it is more than mere hope or surmise that further discovery may produce relevant evidence regarding the fixation of the planking (see, CPLR 3212 [f]; *Ross v Curtis-Palmer Hydro-Elec. Corp.,* 81 NY2d 494; *Groves v Land's End Hous. Co.,* 175 AD2d 733, *affd* 80 NY2d 978). Therefore, granting the Bornts' motion for summary judgment against Cantanucci was premature. In addition, the granting of the Bornts' summary judgment motion against plaintiffs was also in error in light of Cantanucci's cross motion for indemnity against the Bornts.

Regarding the Lansings' motion for summary judgment, we agree that this motion was properly granted. Although Mark Lansing hired a contractor to lay the foundation and procured most of the building material, it is uncontroverted that Cantanucci supplied all of the labor and supervision and that he was never given any instructions by the Lansings during the construction. Although the Lansings visited the building site to monitor the progress, they did not request any changes in the construction and did not exercise any supervisory control over the operation other than exhibiting the normal interests of a homeowner.

Based on the record, it is clear that the Lansings come within the provisions of Labor Law § 240 (1) and § 241 which exempt from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" *(see, Cannon v Putnam,* 76 NY2d 644; *Jonchuk v Weafer,* 199 AD2d 591; *Danish v Kennedy,* 168 AD2d 768; *Rimoldi v Schanzer,* 147 AD2d 541). As to plaintiffs' claim based on the Lansings' alleged violation of Labor Law § 200, which codifies the land-

owner's common-law duty to maintain a safe workplace, an owner is not liable unless it is shown that the owner exercised supervisory control over the operation *(Ross v Curtis-Palmer Hydro-Elec. Corp., supra; Rapp v Zandri Constr. Corp.,* 165 AD2d 639). As previously indicated, the record shows that the Lansings had no contractual or other actual authority to control the activity which brought about the injury. In addition, the only evidence introduced in opposition to the Lansings' motion were affidavits by plaintiffs' attorney and Cantanucci's attorney, both of which are without probative value inasmuch as neither attorney had personal knowledge of the facts *(see, Zuckerman v City of New York,* 49 NY2d 557).

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with one bill of costs, by reversing so much thereof as granted the motion by defendants William Bornt and Edward Bornt; said motion denied; and, as so modified, affirmed.