OPINION OF THE COURT
Pasquale Bifulco, J.
The third-party defendants/fourth-party plaintiffs The Metropolitan Transportation Authority and Staten Island Rapid Transit Operating Authority (hereinafter SIRTOA) move for partial summary judgment seeking contractual indemnification by defendant/third-party plaintiff Beaver Concrete Breaking Company, Inc. (hereinafter Beaver). SIRTOA further moves for a declaratory judgment, attorney fees, costs and disbursements in this action.
The within lawsuit involves a claim wherein the plaintiff, Mr. Petito, an employee of the SIRTOA, was injured while traversing a platform that was under renovation on or about November 17, 1985. A stop work order had been issued by Edwards & Kelcey Engineer, Inc., and no work was being *365 performed on the day in question. It appears the plaintiff passed through a barricade and crossed onto a platform that was openly and obviously in a state of being repaired when the platform collapsed, injuring him. It is plaintiffs position that he was properly on the platform because his foreman ordered him to do so.
The third-party action was instituted against SIRTOA by Beaver based on contribution and common-law indemnification. It is SIRTOA’s position that Beaver, under its contract with SIRTOA, agreed to indemnify and hold SIRTOA harmless from loss and liability arising out of the performance of the contract. The SIRTOA-Beaver contract is appended to movant’s papers as exhibit A. SIRTOA alleges pursuant to article 6.03 indemnification of said contract, Beaver is under a contractual obligation to be solely responsible and bound to fully protect, indemnify, and save harmless SIRTOA from all costs and expenses and suits which may be brought, irrespective of any alleged negligence on the part of SIRTOA, citing Gordon J. Phillips, Inc. v Concrete Materials (187 AD2d 1024 [4th Dept 1992]).
Further, it is SIRTOA’s position that Beaver has contracted not only to indemnify SIRTOA, but also to procure a policy of insurance, naming SIRTOA as an additional insured, for potential personal injury liability (art 6.05).
It is Beaver’s position that in reading the indemnity agreement contained in article 6.03 of the contract, there is clear language which states that SIRTOA was not to be indemnified for injuries or property damage resulting from the negligence of SIRTOA. The indemnification provision contained in the contract reads as follows:
"Article 6.03 Indemnification:
"(a) The contractor [Beaver] shall indemnify and save harmless the Indemnified Parties [SIRTOA et al.] from loss and liability upon any and all claims on account of such injuries to persons or such damage to property, irrespective of the actual cause of the accident, irrespective of whether it shall have been due in part to negligence of the contractor or his subcontractors or negligence of the Indemnified Parties, or of any other persons, but excepting bodily injuries and property damage to the extent caused by the negligence of the Contracting Party or the Authority while acting as agent of the Contracting Party hereunder. * * *
"(c) Except as otherwise provided in (a) above, the liability *366 of the contractor under this Article is absolute and is not dependant upon any question of negligence on his part.” (Art 6.03 [emphasis added].)
Furthermore, section 5-322.1 of the General Obligations Law provides that indemnification and hold harmless agreements which purport to indemnify an owner (SIRTOA) for their own negligence are void and contrary to public policy.
The following are relevant excerpts of this section which address this issue. "1. A[n] * * * agreement * * * relative to the construction, alteration, repair or maintenance of a building, structure * * * including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable.” (General Obligations Law § 5-322.1.)
In brief, it is Beaver’s contention that the subject indemnification agreement does not provide for indemnity for SIRTOA for their own negligence, and that section 5-322.1 of the General Obligations Law would clearly render such an agreement void as against public policy.
No argument was put forth in an attempt to establish SIRTOA’s lack of fault and/or negligence. In fact, it appears just the opposite may be true. It is well established that a party seeking to enforce an indemnity clause which is conditioned upon a showing that such party is free from fault, has the burden of showing their freedom from fault. (See, Groves v Land’s End Hous. Co., 196 AD2d 406 [1st Dept 1993]; Brown v Two Exch. Plaza Partners, 76 NY2d 172 [1990]; Edwards v International Bus. Machs. Corp., 174 AD2d 863, 864-865 [3d Dept 1991].)
In addressing SIRTOA’s argument with respect to procuring a policy of insurance, naming SIRTOA as an additional insured for personal injury liability, said policy was obtained.
It is Beaver’s position that a stop work order was issued to it and said stop work order was in effect at the time of plaintiff’s accident.
Therefore, because the job had been suspended at the time of the accident, all terms of the contract also should be deemed to have been suspended during that period. In es *367 sence, it is argued that being that Beaver was directed to stop working and leave the work site, thereby tendering complete control of the work site to SIRTOA, the terms of the contract during that period cannot be enforced.
Be that as it may, the court finds that Beaver did comply with article 6.05 of the contract by naming SIRTOA as an additional insured. Beaver took out a policy of insurance with Michigan Mutual Insurance Company and Amerisure Insurance Company (hereinafter Michigan).
We now come to the point where SIRTOA seeks an order declaring that Michigan is obligated to defend and indemnify SIRTOA and awarding SIRTOA attorney fees and disbursements in the defense of this action. Pursuant to CPLR 3001 only the Supreme Court may render a declaratory judgment. This court, being the New York City Civil Court, would normally lack jurisdiction over this issue in that the lawsuit exceeds $25,000. CCA 212-a states as follows: "The court shall have jurisdiction defined in section 3001 of the CPLR to make a declaratory judgment with respect to any controversy involving the obligation of an insurer to indemnify or defend a defendant in an action in which the amount sought to be recovered does not exceed $25,000.”
This controversy was transferred from the New York State Supreme Court to the New York City Civil Court pursuant to CPLR 325 (d) which grants the New York City Civil Court jurisdiction over the lawsuit where it normally would not have jurisdiction because of the amount of the damages demanded.
Thus, when CPLR 3001 and 325 (d) are read in conjunction with CCA 212-a this court finds it does have jurisdiction to decide a declaratory judgment where the controversy exceeds $25,000 in demanded damages. Further, the declaratory judgment action was previously commenced in the Supreme Court as the fourth-party action and was transferred along with the primary action via CPLR 325 (d) to this court.
The purpose of CPLR 325 (d) is to help expedite the resolution of cases, thereby reducing calendar backlogs and affording litigants their day in court as soon as reasonably possible. It would only be reasonable and in line with the whole concept of CPLR 325 (d) that the court be able to resolve all issues attendant to, or emanating from, the Supreme Court. To do otherwise would cause the matter to be adjudicated piecemeal, and simultaneously by various Judges of different courts.
*368 It is well established in New York that the duty to defend arises if any claim made by plaintiff in the underlying liability case could conceivably fall within the policy coverage. As noted by the Court of Appeals in Villa Charlotte Bronte v Commercial Union Ins. Co. (64 NY2d 846, 848) "The insurer [can] only be excused from defending [the insured] because of the language of the policy exclusion if it [can] establish, as a matter of law, that there is no possible factual or legal basis on which the insurer might eventually be obligated to indemnify * * * under any provision contained in the policy.”
The Court of Appeals holding is merely a restatement of the well-established rule in New York that an insurance company’s duty to defend is broader than its duty to indemnify and is activated when there is any possibility of coverage (Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 154). Thus, the insured’s ultimate liability does not determine the insurer’s obligation to defend (Niagara County v Utica Mut. Ins. Co., 80 AD2d 415, lv dismissed 54 NY2d 608). Furthermore, any doubt as to whether the allegations state a claim that is within the coverage of the policy must be resolved in favor of the insured (Sucrest Corp. v Fisher Governor Co., 83 Misc 2d. 394). If some, but not all of the allegations might fall within the policy coverage, then the insurer’s duty to defend extends to the entire case (Ruder & Finn v Seaboard Sur. Co., 71 AD2d 216, affd 52 NY2d 663). Finally, even when some claims fall within the policy and some do not, the courts have refused to prorate defense costs between the insurer and insured but instead have required the insurer to pay the entire cost of defense (Babcock & Wilcox Co. v Parsons Corp., 430 F2d 531).
Applying the aforestated principles of law to the facts at hand, the court cannot but conclude Michigan must defend SIRTOA in the within action. Michigan has failed to establish that there is no possible factual or legal basis on which they might eventually be obligated to indemnify SIRTOA against liability.
Accordingly, SIRTOA’s motion for partial summary judgment dismissing the third-party complaint grounded on indemnification and breach of contract is denied. SIRTOA’s motion for a declaratory judgment is granted to the extent that Michigan is obligated to defend and indemnify SIRTOA in the within action and reimburse it for its expenses to date.