OPINION OF THE COURT
Shirley Werner Kornreich, J.
United States Liability Insurance Co. (U.S. Liability) brings this motion seeking to dismiss the third-party action against it for lack of subject matter jurisdiction. The motion turns on a novel question of law — whether this court has the jurisdiction to issue a declaratory judgment with regard to the obligation of an insurer to defend and indemnify a plaintiff for a counterclaim asserted against it which exceeds $25,000? CCA 212-a provides that the Civil Court shall have the jurisdiction to issue a declaratory judgment "with respect to any controversy involving the obligation of an insurer to indemnify or defend a defendant in an action in which the amount sought to be recovered does not exceed $25,000.” Query: does the $25,000 limitation relate to the original proceeding or does it address the subject matter of the declaratory judgment — in this case three counterclaims, each for $50,000?
This action was brought by plaintiff Apollon to recover $19,842.83 for work done pursuant to a construction contract. Defendant Brandt counterclaimed for damages on three causes of action, each for $50,000. Apollon impleaded Povo Construction Corp., formerly known as M&L Contractors, Inc. (M&L), a subcontractor who performed the work at defendant Brandt’s premises, for indemnification and contribution on the counterclaims. M&L defaulted in the proceeding. Apollon, then, commenced a second third-party action against U.S. Liability seeking a declaratory judgment regarding U.S. Liability’s contractual obligation to defend and indemnify Apollon under an insurance policy issued to M&L, in which Apollon is allegedly named as an additional insured. U.S. Liability now argues that the Civil Court does not have subject matter jurisdiction to render the requested declaratory relief since the counterclaims exceed $25,000.[1]
Apollon counters by arguing that CCA 212-a must be read together with CCA 208 (b), the statute conferring unlimited *890 monetary jurisdiction upon the court where related counterclaims are interposed. Apollon maintains that where a counterclaim is interposed, the power of the court to render declaratory relief on an insurance disclaimer is ancillary to its monetary jurisdiction on the counterclaim. It relies in this argument upon Petito v Beaver Concrete Breaking Co. (161 Misc 2d 363, 367 [Civ Ct, Richmond County 1994]). Petito held that the Civil Court had the jurisdiction to render a declaratory judgment in a personal injury case where more than $25,000 in damages was demanded. The case and the declaratory action had been transferred to Civil Court pursuant to CPLR 325 (d).
On its face, Apollon’s argument is compelling. Clearly, judicial economy, the purpose of CCA 212-a, would best be served by such a reading. (See, L 1979, ch 85, § 1; Mem of Off of Ct Admin, 1979 McKinney’s Session Laws of NY, at 1874 [CCA 212-a makes it unnecessary to go to Supreme Court for declaratory relief on insurance disclaimer, thereby, avoiding time-consuming and undesirable bifurcated procedure].) However, the court cannot ignore the fact that it is a court of limited jurisdiction, the parameters of which are narrowly defined by the New York Constitution and the New York City Civil Court Act. (NY Const, art VI, § 15 [b]; CCA 201 et seq.) Other than in summary, real property proceedings and where a counterclaim for money only is interposed, the monetary jurisdiction of the court is firmly set at $25,000. (CCA 204, 208.) Similarly, equity jurisdiction is carefully parsed by statutes delimiting such jurisdiction to $25,000. (CCA 203, 208 [c]; 209, 213.)
Thus, CCA 203 empowers the court to render affirmative equity relief in real property actions but repeatedly restricts the power to a $25,000 ceiling. In a like manner, CCA 208 (c) confers jurisdiction upon the court of a counterclaim for rescission or reformation or for an accounting but, again, expressly circumscribes such jurisdiction to $25,000. Indeed, in his Practice Commentary on the section, Professor Siegel notes: "A proviso is that the economic impact of equitable relief not exceed $25,000. If it does, a separate action is necessary. The statute does not enable the court, through the expedient of a counterclaim, to overturn a $1 million contract when P has sued for only $25,000 worth of damages. The economic value of the relief sought on the counterclaim may not exceed the *891 court’s basic monetary jurisdiction.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 208, at 80.) And, in commenting upon CCA 213, enacted in 1980 to confer rescission and reformation jurisdiction on the court in all claims before it, Professor Siegel writes: "For the usual equity claim * * * the supreme court has been the appropriate forum, having general jurisdiction both at law and in equity. Only within narrow confines has equity jurisdiction been conferred on the civil court. Under § 213, which was added in 1980, the court gets jurisdiction of both rescission and reformation claims, but with the proviso, which runs through almost all of the rest of the court’s jurisdictional [sic] as well, that the 'amount in controversy’ not exceed the court’s monetary jurisdiction, which presently stands at $25,000.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 213, at 95.)
Prior to September 1979, Civil Court was devoid of the power to issue declaratory judgments. This power was bestowed upon the court with the enactment of CCA 212-a. Accordingly, Civil Court’s ability to render a declaratory judgment, just like its ability to render equitable relief, is defined by statute. Given the restrictive nature of this court’s equity jurisdiction and the frugal manner in which that jurisdiction has consistently been conferred by the Legislature, there is no reason to believe the Legislature would extend jurisdiction beyond $25,000 in declaratory actions while refusing to do so on equitable claims. In fact, the plain meaning of the statute, upon a quick reading, would appear to limit Civil Court’s declaratory relief to its monetary jurisdiction. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 212-a, 1989 Pocket Part, at 60 [CCA 212-a is inroad on exclusive jurisdiction of Supreme Court to render declaratory relief but only in narrow respect described — giving court "jurisdiction to hear a declaratory judgment action brought to test the validity of a disclaimer, or of a proposed disclaimer, by a liability insurance carrier called upon to defend a claim not exceeding $10,000 (the basic monetary jurisdiction of the Civil Court)”]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 76 [where words of statute express plainly legislative intent, resort may not be had to other means of interpretation].)
I, therefore, find that this court lacks the jurisdiction to render a judgment in this third-party action seeking a declaration in regard to insurance obligations well in excess of *892 $25,000.[2] To the extent that Petito v Beaver Concrete Breaking Co. (supra) holds otherwise, this court disagrees with that decision. (See, Spinnell v Doris L. Sassower, P. C., 155 Misc 2d 147, 150 [Civ Ct, NY County 1992, Stallman, J.] [no court, not even civil court of general jurisdiction, is empowered to delegate or transfer its jurisdiction to another court].) Nonetheless, U.S. Liability’s motion to dismiss this third-party action is denied. Instead, the declaratory judgment proceeding is severed and transferred to Supreme Court pursuant to article VI (§ 19 [f]) of the New York Constitution. (See, Kaminsky v Connolly, 73 Misc 2d 789 [App Term, 1st Dept 1972].)[3]
The clerk of this court is directed to transfer all papers pertaining to the declaratory judgment action between Apollon and U.S. Liability to the Supreme Court. Apollon shall comply with all applicable Supreme Court rules upon transfer.[4]

. U.S. Liability further argues that the action must be dismissed since Apollon is not an additional insured under the policy but only a certificate holder. The ground for this motion would appear to be CPLR 3211 (a) (1). Apollon, however, has not included a copy of the insurance contract in its papers. The copy of the one-page certificate of insurance annexed to its papers names both M&L and Apollon at different points and makes refer *890 ence to the insurance policy. It, therefore, is not dispositive. Having failed to submit the necessary insurance policy in support of its motion, U.S. Liability’s CPLR 3211 (a) (1) motion must fail.

. When called upon to determine the meaning of a statute, a court is required to determine the intent of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a].)

. The court is not transferring the entire action because it does not have the power to do so. Article VI (§ 19 [f]) of the New York Constitution confers the power to transfer actions from the Civil Court to the Supreme Court only when the action is one "over which the said courts for the city of New York have no jurisdiction.” Clearly, the court has jurisdiction of the original proceeding and the counterclaim. M&L, the first third-party defendant has defaulted and that case is not before this motion court.

. The court is aware of the delay engendered by the bifurcation of this proceeding. However, this State does not have a unitary court system. Nor is it appropriate for the court to make policy decisions and legislate. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 73 [courts in construing statutes should avoid judicial legislation].) Moreover, dismissal of the declaratory action would unduly prejudice Apollon and further delay the matter.