NEW YORK DOCK COMPANY, Respondent, *v.* ERNEST W. BROWN, INC., Appellant.

(Argued October 20, 1936; decided November 24, 1936.)

*Frank Sowers* and *Frank N. Getman* for appellant.

*Martin A. Schenck* and *William J. Carr* for respondent.

O'Brien, J.   Plaintiff owned a pier in Brooklyn which was insured by several insurance companies, not parties to this action, against loss or damage by fire in an amount not to exceed $324,300.   The pier was damaged by fire and plaintiff collected from those insurers $300,000.

Defendant as attorney-in-fact for several underwriters, other than the primary insurers, issued a policy to plaintiff in an amount limited to $60,000 on this pier.   This policy, which is the subject of this litigation, provides: " The purpose and intent of this insurance is to reimburse the assured for *the difference between the amount collectible under policies of insurance covering above described property and the ascertained amount of loss and damage sustained by the assured,* and also for the difference (if any) between the ascertained amount of loss and damage and the actual cost to the assured of repairing, restoring or rebuilding the structures damaged or destroyed with material of like kind and quality."   The other policies dealing with the primary insurance insure plaintiff " to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage   *   *   *."   The policy in suit contains the same provision.

The complaint, as amended at the trial, alleges that the ascertained amount of loss and damage sustained by plaintiff as the result of the fire is $352,952.90 and that the difference between the amount collectible under the primary policies and the ascertained amount of loss or damage sustained by plaintiff is $52,952.90.   A verdict for $52,941.17 was directed for plaintiff and the judgment has been affirmed.

The issue of law is whether the difference between the amount collectible under the policies relating to the primary insurance and the amount of loss and damage sustained by the assured has been ascertained in accordance with the terms of the contract between plaintiff and this defendant. The policy issued by this defendant provides that, if the parties shall fail to agree as to the amount of loss or damage, each shall, on the written demand of the other, select an appraiser. It also provides: " The amount of loss or damage for which *this Company* may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this company *and ascertainment of the loss or damage is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided."* Defendant made demand upon plaintiff to submit to arbitration but plaintiff refused. The only other method provided by this contract for ascertaining the loss or damage is by agreement between plaintiff and this defendant.

After the fire, negotiations between plaintiff and representatives of the primary insurers were begun. Plaintiff asked for $311,000 and the primary insurer's representatives offered $270,000. Finally, in the language of their report, they " endeavored to effect a compromise by adding here and there and also splitting the difference on some items. * * * It was concluded at this meeting that it would be best to make settlement of $300,000 which we have done." The $300,000 is said to represent the net figure after deduction of fifteen per cent for depreciation but it is the result of a compromise between plaintiff and the primary insurers after trading back and forth.

The amount upon which plaintiff and the primary insurers compromise may be treated, as between them, as the amount collectible under the primary policies, but such a compromise agreement under those policies cannot be held binding upon this defendant under the terms

of its policy as an " ascertained amount of loss and damage sustained by the assured." Defendant never consented to the compromise and never recognized the sum of $300,000 as eighty-five per cent of the total loss or, in other words, as the net amount after deduction of fifteen per cent for depreciation. It was a stranger to that compromise which was effected under policies to which it was not a party. It has a right to rely upon the terms of its own contract with plaintiff. (*Hathaway* v. *Orient Ins. Co.*, 134 N. Y. 409, 413.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.