OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the motion for partial summary judgment by defendants Hartford Accident & Indemnity Co. and the Insurance Company of North America denied.
This action arises out of the “Salad-oil Swindle” of 1963, which caused the collapse of Allied Crude Vegetable Oil Refining Corp., and forced Ira Haupt & Co., a member of *918 the New York Stock Exchange, into liquidation as a result of fraudulent trading in salad oil. Plaintiffs, New York Stock Exchange, Inc., and its wholly owned subsidiary, Newin Corporation, allegedly advanced $9.5 million, for the benefit of Haupt’s customers who sustained losses when Haupt went bankrupt. Plaintiffs now seek to recover this amount from defendants Hartford Accident and Indemnity Company and the Insurance Company of North America under certain insurance “bonds” issued by them.
The issue before this court is whether defendants Hartford and INA were properly, granted partial summary judgment dismissing plaintiffs’ causes of action to recover under two bonds issued to Newin Corporation.
In compliance with the Exchange’s rules, Haupt purchased from a subsidiary of defendant Continental Insurance Company (who is not a party to this appeal), fidelity bonds in the face amounts of $14,000,000 and $2,000,000 to protect its customers from losses caused by the fraudulent acts of its partners and employees. The defendants Hartford and Continental issued an “excess” bond (Newin Bond I) for $5 million to Newin Corporation to cover losses that plaintiffs might sustain by reason of payments to customers of any member firm, such as Haupt, which went into bankruptcy. Defendant INA also issued a second $5 million bond (Newin Bond II) which provided similar coverage but was allegedly in “excess” of Newin Bond I.
The Newin Bonds provided for recovery of losses which exceeded “all insurance recovered or recoverable under the Stockbrokers’ Blanket Bond [Haupt’s employee bond] and/ or Stockbrokers’ Partnership Bond [Haupt’s partnership bond] or equivalent insurance carried by such Member Organization available to cover such loss or losses”. Hartford and INA contend that they are entitled to summary judgment on the ground that this “deductible” clause represents a “standard” excess clause, meaning that plaintiffs could not recover on the Newin Bonds until the face amount of the primary coverage of Haupt’s own fidelity bonds was exhausted, which concededly did not occur. Plaintiffs submitted affidavits by persons who had participated in the negotiation and drafting of the Newin Bonds, asserting that the phrase “available to cover such loss” was *919 inserted at plaintiff’s insistence and was intended to mean actually available from Haupt’s bonds to cover plaintiffs’ losses. Thus, they assert that the clause is not a “standard” excess deductible because it permits recovery after funds were no longer available from Haupt to reimburse them for their losses, notwithstanding that the face value of Haupt’s own bonds were not exhausted.
While the rights and obligations of parties under insurance contracts should be determined by the specific language of the policies (see Continental Cas. Co. v Equitable Life Assur. Soc., 52 NY2d 228, 233; New York Dock Co. v Brown, Inc., 272 NY 176, 180), if the language of the policy is susceptible of two reasonable meanings, the parties may submit extrinsic evidence of their intent at the time of contracting (see Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169, 172; Concoff v Occidental Life Ins. Co., 4 NY2d 630, 637). Plaintiffs demonstrated, at the very least, that the deductible clause was ambiguous. Thus, a material question of fact as to the parties’ intent was presented by the plaintiffs’ affidavits. Defendants’ motions, therefore, should have been denied (see Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441).
Defendants’ other arguments have been considered and found to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.