■ ELECTRIC INSURANCE COMPANY, Appellant, v JEFFREY BOUTELLE et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court at Special Term, (Lomanto, J.), entered November 21, 1985 in Schenectady County, which denied plaintiff's motion for summary judgment.

Plaintiff insurance company issued a standard automobile liability policy to defendant Richard J. Holck (Holck) insuring his 1982 Dodge. Under the policy, coverage extended to any person using the vehicle, but it excluded any such person "using [the] vehicle without a reasonable belief that that person is entitled to do so". On August 7, 1984, the vehicle was being driven by Holck's daughter, defendant Kathleen A. Holck (Kathleen). Her friend, defendant Jeffrey Boutelle, was a passenger in the front seat. It is uncontested that the vehicle went out of control as a result of Boutelle's foot depressing the accelerator. In the accident that followed, Kathleen was seriously injured. She brought suit against Boutelle for her injuries. After Holck demanded that plaintiff defend in that action, plaintiff commenced this action for a judgment declaring that Boutelle was not a covered person under the policy. Depositions of Kathleen and Holck were taken, following which plaintiff made the instant motion for summary judgment. Plaintiff appeals from a denial of that motion.

In our view, the evidence submitted on the motion established, as a matter of law, that Boutelle was not covered under the policy. Plaintiff's supporting papers on the motion included the police accident report and the verified answer of Boutelle. These constituted admissible evidence that Kathleen and not Boutelle was operating the vehicle at the time of the accident. In the common meaning of the phrase "using [the] covered vehicle", some purposeful exercise of control is required by the person claiming to be covered under the policy (cf. Witherstine v Employers' Liab. Assur. Corp., 235 NY 168, 172-173). Therefore, if Boutelle's depression of the accelerator was merely an inadvertent slip of his foot, he was not a covered person under the policy. To counter this, Kathleen and Holck submitted portions of their depositions in which testimony was given that Boutelle intentionally depressed the accelerator to increase the speed of the vehicle in order to catch up to a friend in another car they had encountered on the road; thus, Boutelle had in fact exercised control and was

"using" the covered vehicle. However, the testimony of Kathleen, then driving the car, was that she did not consent to Boutelle's pressing his foot upon her foot on the accelerator but told him to stop and physically resisted him. Thus, clearly, Kathleen did not give permission to Boutelle to *use* the vehicle in this fashion on that occasion. The testimony of Holck, the owner of the vehicle, was that he was unaware of the way the accident actually happened until several weeks later when Kathleen disclosed what took place. Obviously, no consent by Holck, as the owner of the vehicle, to Boutelle's exercise of control in the manner described can be implied. Thus, the evidence submitted by Holck and Kathleen conclusively negates the permission required for coverage under the policy. That Kathleen might have permitted Boutelle to have taken over the driving of the vehicle if he had asked to do so, as she states in her opposing affidavit, is irrelevant to the issue of whether his actual exercise of control by intentionally depressing the accelerator (the basis upon which coverage is claimed to exist) was without permission. Since the uncontradicted evidence negates permission for that use, there is no triable issue of fact on this exclusion from coverage under the policy.

Order reversed, on the law, without costs, motion granted, and it is declared that Electric Insurance Company has no obligation to defend or indemnify Jeffrey Boutelle in the personal injury action commenced against him by Kathleen Holck. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.