■ Econo Truck Body & Equipment, Inc., Respondent-Appellant, v Guaranty National Insurance Company, Appellant-Respondent; National Union Fire Insurance Company of Pittsburgh, Respondent, and Liebert Commercial, Inc., Respondent-Appellant.—Levine, J. (1) Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered August 4, 1989 in Rockland County, which, *inter alia,* granted the cross motion of defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, for summary judgment dismissing the complaint against it, and (2) appeal from a judgment of said court, entered January 2, 1990 in Rockland County, which, upon reargument, granted defendant Liebert Commercial, Inc.'s motion to dismiss the complaint against it.

Plaintiff is engaged in the business of converting truck and van chassis into specialty vehicles, primarily mini school buses. Plaintiff alleges that it entered into an agreement with defendant Liebert Commercial, Inc. (hereinafter Liebert), an insurance broker, to procure insurance coverage for all aspects of plaintiff's business. Apparently as a result of this agreement, plaintiff was issued a completed operations and products liability policy and a manufacturers' and contractors' liability policy by defendant Guaranty National Insurance Company (hereinafter Guaranty). In addition, plaintiff was issued a garagekeepers' liability policy by defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania (hereinafter National).

In 1983, plaintiff received an order from New York Blood Center, Inc. (hereinafter Blood Center) for the purchase of a trailer with equipment and facilities suitable for use as a "bloodmobile". Thereafter, plaintiff purchased a trailer from Williams Mobile Offices, Inc. (hereinafter Williams) and modified it for use as a bloodmobile. Shortly after the bloodmobile was delivered to the Blood Center, it was returned to plaintiff because of complaints that it was unstable when driven and failed to comply with contractual specifications. After allegedly repairing the defects, plaintiff redelivered the vehicle to the Blood Center on September 14, 1984. That same day the Bloodmobile was destroyed in a one-car accident allegedly caused by the vehicle's instability which caused the driver to lose control.

In April 1986, the Blood Center commenced an action against plaintiff for damages caused by loss of the vehicle alleging, *inter alia,* breach of contract, negligence, and the breach of various express and implied warranties. Following commencement of the action, Guaranty adhered to its prior determination, communicated to plaintiff by letter some two months earlier, which had denied coverage based upon several policy exclusions.

After receiving notice of both companies' intent to disclaim liability, plaintiff commenced this declaratory judgment action to determine whether either company was required to defend and indemnify it with respect to the action brought against it by the Blood Center. Plaintiff also sought a declaration that Liebert was liable for its negligence and/or breach of contract in failing to procure adequate insurance. After answers were served by Guaranty and National, Guaranty moved and plaintiff and National cross-moved for summary judgment. Liebert also cross-moved for dismissal of the complaint against it.

Supreme Court granted National's cross motion, finding that the claim was excluded under the terms of the policy. All other motions were denied. All parties, except National, appealed that order. Thereafter, Supreme Court granted a motion by Liebert seeking reargument and, upon reargument, the court reversed its earlier decision and dismissed that portion of plaintiff's complaint which sought declaratory relief against Liebert. Plaintiff now also appeals that order.

Guaranty argues that Supreme Court erred in denying its motion for summary judgment since the causes of action asserted by Blood Center against plaintiff clearly fall outside the coverage of the insurance policies issued by Guaranty and, hence, there is no duty to defend or indemnify plaintiff in the underlying action. The affidavit supporting Guaranty's motion for summary judgment avers that plaintiff's products liability coverage is limited to the conversion of vans to mini school buses and the bloodmobile at issue in the underlying action is simply not covered under the policy. The alleged limitation referred to by Guaranty is a typed notation appearing on a page of the policy where the premiums are calculated under the heading "Description of Hazards" and the subheading "Products" which states "conversion of vans to mini school buses identified as 'sturdivan' rated as automobiles, buses or truck manufacturing".

In our view, it is unclear whether this notation, which lacks any language expressly limiting the coverage, was intended to define the scope of the products risk insured or whether it was intended to be only a general description of plaintiff's business for the purpose of categorizing the business (as automobile, truck or bus manufacturing) for premium computation purposes. In addition, to read this notation as a limitation of coverage would conflict with the policy definition of "named insured's products" which includes all "goods or products manufactured, sold, handled or distributed by the named insured". Thus, an ambiguity exists which requires the consideration of extrinsic evidence. This type of ambiguity normally creates a factual issue not resolvable on a motion for summary judgment *(see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671). An exception to this rule is where "the tendered extrinsic evidence is itself conclusory and [does] not resolve the equivocality of the language of the contract, the issue remains a question of law for the court" *(supra,* at 671; *see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172).

Here, the extrinsic evidence submitted by Guaranty con-

sisted of plaintiff's application for insurance which contained a description of plaintiff's business similar to that stated in the policy and other documentation which detailed the mini school bus conversion process. In addition, the application papers submitted with Guaranty's motion included a letter concerning plaintiff's previous products liability policy advising plaintiff that a notation in that policy identical to the one presently relied on by Guaranty did not limit the scope of the policy and that all of plaintiff's products were insured. According to plaintiff, this letter evidences that Guaranty was aware of the full scope of its business operations and that plaintiff desired insurance coverage for all of its products.

In our view, the extrinsic evidence adduced by the parties, with the exception of the letter, does not aid in resolving the ambiguity in the policy and does not create a factual issue. The letter, however, was submitted as part of Guaranty's moving papers and plaintiff's characterization of the letter in its responding affidavit was never challenged by Guaranty. Accordingly, we conclude that no factual issue exists and it is proper to resolve the ambiguity against the insurer who drafted the contract *(see, State of New York v Home Indem. Co., supra,* at 671-672).

The remaining exclusions relied on by Guaranty do not merit extended discussion. It is sufficient to note that Guaranty's moving papers contained only the conclusory averment that "[t]he underlying litigation brought by * * * Blood Center is completely outside of the insuring agreement". Based upon our review of the pleadings and terms of the insurance policy, the exclusions either do not apply to causes of action asserted by Blood Center, or the meaning of the particular exclusion is unclear and there has been no attempt to explain the applicability of the exclusion by Guaranty. Accordingly, Guaranty is not relieved of its duty to defend since it failed to establish " 'as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy' " *(Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424, quoting *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876) and Supreme Court erred in denying plaintiff's cross motion for summary judgment insofar as it sought a declaration of Guaranty's duty to defend plaintiff.

In light of our determination that Guaranty must defend plaintiff in the Blood Center action, we need not address the question of the timeliness of Guaranty's initial disclaimer.

National's cross motion for summary judgment was properly granted since the garagekeeper's liability policy clearly provides coverage only for damage to motor vehicles which occurs while such vehicles are within plaintiff's possession and part of plaintiff's garage operations. Moreover, even accepting plaintiff's contention that the particular endorsement relied on by National in its notice of disclaimer was never made part of plaintiff's policy, the clear limitations contained in the insuring clause and exclusions of the policy were not waived (see, Rhinebeck Bicycle Shop v Sterling Ins. Co., 151 AD2d 122, 125).

Finally, Liebert's motion for dismissal of the complaint against him was properly granted on the ground that such action is premature (see, Hughes, Harrison & Brown Roofing v Wm. F. Slack, Inc., 70 AD2d 874, 875).

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for summary judgment; cross motion granted in part and it is declared that defendant Guaranty National Insurance Company has a duty to defend plaintiff under liability policy No. GL1040304 in the action commenced against plaintiff by New York Blood Center, Inc.; and, as so modified, affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.