■ ALLSTATE INSURANCE COMPANY, Appellant, v ROBERT GILL et al., Respondents. [596 NYS2d 627] —Order unanimously reversed on the law without costs, motion granted and judgment granted in accordance with the following Memorandum: Supreme Court erred by denying the motion of plaintiff, Allstate Insurance Co. (Allstate), for summary judgment declaring that Allstate had no obligation to defend or indemnify Robert Gill in a personal injury action by David A. Gouchie. The evidence submitted on the motion for summary judgment established, as a matter of law, that Gill was not an insured person under the policy. Gill was not operating the vehicle with permission when he, the front seat passenger in the vehicle driven by David and owned by Donald Gouchie, grabbed the steering wheel and wrested control of the vehicle away from the driver *(see, Electric Ins. Co. v Boutelle,* 122 AD2d 332). Gill's EBT testimony that he grabbed the wheel to prevent an accident does not create a question of fact on the

issue of permissive use. The driver testified without contradiction that, when Gill grabbed the wheel, he resisted his efforts and attempted to wrest control away from Gill. That negates any possible inference that Gill's use was permissive (see, Electric Ins. Co. v Boutelle, supra, at 333; Good v MacDonell, 149 Misc 2d 315, 318). The order denying summary judgment is reversed, Allstate's motion is granted, and it is declared that Allstate has no obligation to defend or indemnify Robert Gill in the personal injury action commenced against him by David A. Gouchie. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ.