*79 OPINION OF THE COURT
Frank A. Sedita, Jr., J.
This lawsuit arises out of a high speed chase in which defendant Robert Major, Sr. (hereinafter Robert Sr.) was a passenger in a car owned and driven by his son Robert Major, Jr. (hereinafter Robert Jr.). Robert Sr. and his son were chasing a company-owned truck which Robert Sr. regularly operated, and which they believed was stolen. Actually, the truck was being driven by a second son, "Travis”, unbeknownst to Robert Sr. and Robert Jr. In the course of the chase the truck driven by Travis Major was involved in a fatal accident. The decedent’s estate is suing both Robert Jr. as the driver and owner of the chase vehicle, and Robert Sr. as the person directing the chase. Robert Jr. and his vehicle are insured by defendant Progressive Casualty Insurance Company (hereinafter Progressive). Robert Sr. is insured by plaintiff Excelsior Insurance Company (hereinafter Excelsior). On the motions before us, each insurance company asserts that the other is responsible for the primary defense and coverage of the claim against Robert Sr.
The first issue which we must examine is whether or not Robert Sr. can in any possible way be considered to have been "using” Robert Jr.’s vehicle within the meaning of Progressive’s policy on this vehicle. In effect we must consider whether or not two individuals can be considered to be "using” the same vehicle at the same time under this policy. We have found no case exactly in point on this issue and therefore we appear to be faced with a case of first impression.
The law is fairly clear that a person may be found to have been "using” a vehicle even if he (or she) was not behind the steering wheel so long as there was a "purposeful exercise of control” by the person claiming to be covered under the policy. (Brabender v Northern Assur. Co., 65 F3d 269 [2d Cir 1995]; County of Wyoming v Erie Lackawanna Ry. Co., 360 F Supp 1212; Transport Ins. Co. v Protective Ins. Co., 696 F Supp 870, affd 868 F2d 1267; Electric Ins. Co. v Boutelle, 122 AD2d 332; Arcara v Moresse, 258 NY 211; Grant v Knepper, 245 NY 158; 12 Couch, Insurance 2d § 45:44, at 278 [revised ed].)
A review of relevant authority leads one to the conclusion that it is not inconsistent to take the position that one covered party was the "mechanical” driver of the vehicle while another party directed and "controlled” the route, speed and manner of operation. (See, cases cited supra.) We have reviewed the attached transcripts of the depositions of Robert Jr. and *80 Robert Sr. in order to see if the responses therein clearly point to one or the other respective viewpoints (control or noncontrol). A case can be made for either viewpoint from these transcripts depending on whether Robert Sr.’s "suggestions” are viewed as directives or mere comments or discussions between equals. A review of the transcripts leaves one with the impression that much of the communication between Robert Jr. and Robert Sr. during the ill-fated chase was nonverbal or ambiguous. However, despite Robert Jr. not being a minor at the time of the accident, it is unclear whether he was significantly deferential toward his father’s "suggestions”, directions or comments. A third possibility which we have not found discussed in any prior cases was that they jointly "controlled” the operation of the vehicle and engaged in a consecutive pattern of consensus decisions during the chase.
The final determination of the control issue will have to await a full hearing at which the fact finder can consider all the evidence pertaining to this issue including the credibility of the testimony of Robert Jr. and Robert Sr. What we can conclude from our review of the transcripts is that the claim of a degree of control and direction by Robert Sr. is not an irrational or unreasonable viewpoint. Whether it will prevail after a full trial is of course another question.
The Progressive policy on Robert Jr.’s vehicle clearly covered any "family member” who used the vehicle. The policy also defined family member to include "a person related to you by blood * * * who is a resident of your household”. It is undisputed that Robert Sr. was residing with Robert Jr. at the time of the accident and would be a "family member” under this policy.
If the ultimate fact finder determines that Robert Sr. was not solely or jointly "controlling” the chase vehicle then neither insurance company will be liable for damages for Robert Sr. However, if Robert Sr. can be potentially found to be liable, we must determine who has primary responsibility to provide a defense, and how coverage responsibility should be allocated.
Since the duty to defend is greater than the underlying potential insurance contract liability, we are not required to make definitive determination on the "use” (control) issue in order to determine the responsibility to defend. (Fitzpatrick v American Honda Motor Co., 78 NY2d 61; Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66; Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663.)
Applicable precedent would give priority to coverage by the carrier which insured the vehicle which was involved in the *81 accident. (State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369; Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651; General Acc. Fire & Life Assur. Corp. v Piazza, 4 NY2d 659.)
Accordingly, we determine that the plaintiffs motion should be granted as to responsibility to defend and as to coverage primacy. Determination as to defendant Robert Major, Sr.’s responsibility for "use” of the vehicle must await a full fact-finding hearing or trial. The cross motion of defendant Progressive is therefore denied.