■ CARLTON F. FAIRCHILD et al., Appellants, v GENESEE PATRONS COOPERATIVE INSURANCE COMPANY, Respondent. [656 NYS2d 544] —Crew III, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered July 26, 1996 in Franklin County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

On January 19, 1993, defendant issued a farm owners insurance policy to plaintiffs. On February 17, 1993, the roof of plaintiffs' dairy barn collapsed as the result of a snow storm, and plaintiffs filed a claim for damage pursuant to the terms of the aforesaid policy, which claim was denied. Plaintiffs then commenced the instant action. After issue was joined, plaintiffs moved for summary judgment and defendant cross-moved for similar relief. Supreme Court denied plaintiffs' motion and granted defendant's cross motion, and this appeal by plaintiffs ensued.

Plaintiffs initially contend that the language of the insurance policy in question is ambiguous and must be interpreted in their favor. We disagree. Insofar as is relevant to this appeal, the declarations pages of the insurance policy contain six separate coverages, lettered A through F. Coverages E and F

pertain to scheduled farm personal property and farm structures and provide, in relevant part, that:

"This policy insures against direct physical loss to property covered under Coverage E—Scheduled Farm Personal Property and Coverage F—Farm Barns, Buildings and Structures caused by the following perils * * *

"Windstorm or Hail—This does not cover loss * * * caused directly or indirectly by frost, cold weather, ice (other than hail), snow or sleet, all whether wind-driven or not".

The record makes plain that the barn roof collapse was due to the excessive weight of snow and heavy winds. Given the clear and unambiguous provisions of the instant policy, Supreme Court appropriately granted summary judgment to defendant (*see generally*, *McCarthy v AMEX Assur. Co.*, 223 AD2d 819).

Moreover, even accepting plaintiffs' assertion that the policy as a whole is ambiguous, defendant nonetheless is entitled to summary judgment. Contrary to plaintiffs' contention, where an insurance policy is found to be ambiguous, the parties may submit extrinsic evidence to aid in construction (*see*, *State of New York v Home Indem. Co.*, 66 NY2d 669, 671). It is only where such evidence does not resolve the equivocality that the ambiguity must be resolved against the insurer (*see*, *id.*). Here, assuming that an ambiguity exists, defendant correctly notes that plaintiffs' signed application for the insurance in question listed eight additional types of coverage for "BARNS, BUILDINGS, STRUCTURES AND ADDITIONAL FARM DWELLINGS" that were obtainable for additional premiums. On such form, plaintiff selected three of the additional coverages offered but did not select the additional coverage entitled, "WEIGHT ICE SNOW". This clearly indicates that the parties did not intend that the policy include coverage for damage caused by weight of snow.

Finally, plaintiffs contend that where an insurance policy contains "written" provisions that are inconsistent with the language contained in the general printed forms of the policy, the "written" language must be given effect over the "printed" language (*see*, *Kratzenstein v Western Assur. Co.*, 116 NY 54). Specifically, plaintiffs contend that because the typewritten provisions in the policy declarations provide that the policy insures against "All Perils But Windstorm", such language takes precedence over the form printed provisions of the policy, which exclude losses caused directly or indirectly by snow. We note, however, that the first page of the policy declarations provides, in "typewriting", for the six separate coverages lettered A through F and further provides that such coverages are subject to the "Following Forms and Endorsements" includ-

ing, in "typewriting", form ML-6, which provides that the policy does not cover loss caused directly or indirectly by snow. Accordingly, while one of the declarations pages does provide that the policy insures against "All Perils But Windstorm", the first page of the policy clearly alerts the insured to the fact that all coverage under the policy is subject to the conditions of form ML-6, which excludes loss occasioned by snow.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.