■ TIRESHA RICHARDSON, Appellant, v KEMPNEY TRUCKING, Respondent. (Action No. 1.) KEMPNEY TRUCKING, Third-Party Plaintiff, v MONTAUK BUS CO., INC., et al., Third-Party Defendants-Respondents. (Action No. 2.) [785 NYS2d 221]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered July 1, 2003. The order granted defendant's cross motion dismissing the complaint and deemed moot third-party defendants' motion for summary judgment dismissing the amended third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the cross motion is denied, the complaint is reinstated and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when the bus in which she was a passenger struck a disabled truck owned by defendant. Supreme Court erred in granting defendant's cross motion for summary judgment dismissing the complaint. In support of the cross motion, defendant submitted the deposition testimony of the driver of the disabled truck establishing that he pulled the truck over to the right side of the highway after a warning light and buzzer alerted him that the brakes were losing air pressure and thus could malfunction. The truck driver testified that there were a "few inches" between his truck and the fog line. According to the police report, however, the truck was "partially on the roadway approximately one foot," and the bus driver, third-party defendant F.E. Tillapaugh, Jr., testified at his deposition that the truck extended three feet into his lane of travel. Consequently, there is an issue of fact whether the truck driver parked the truck partially in the lane of travel in violation of

Vehicle and Traffic Law § 1201 (a) or was otherwise negligent and, if so, whether his negligence was a proximate cause of the accident (*see Newman v Hart*, 231 AD2d 862 [1996]; *see also Sullivan v Locastro*, 178 AD2d 523, 525-526 [1991], *lv denied* 81 NY2d 701 [1992]). We therefore reverse the order, deny the cross motion and reinstate the complaint. We note in addition that the court deemed moot the motion of third-party defendants for summary judgment dismissing the amended third-party complaint in light of its dismissal of the complaint. In view of our decision herein, however, that motion is no longer moot. Thus, we remit the matter to Supreme Court to determine that motion. Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.