GREEN HARBOUR HOMEOWNERS' ASSOCIATION, INC., Appellant, v CHICAGO TITLE INSURANCE COMPANY, Respondent. [905 NYS2d 304]—

Spain, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 20, 2009 in Warren County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

By deed dated October 4, 1994, Gene Black and Green Harbour - Cooper Point Acres, the sponsors of the Green Harbour subdivision (hereinafter the sponsors), conveyed the common area lands and appurtenances within "Phase III" of the subdivision to plaintiff and specifically excepted and reserved certain unimproved building lots for the future construction of townhouse units. Although the sponsors intended to except 40 lots—including all remaining unimproved lots on Ridgeview Lane and Lookout Mountain Drive—from the conveyance, it is undisputed that the deed to plaintiff mistakenly excepted only 38 and, consequently, plaintiff also took title to two of the unimproved lots—Nos. 21 and 22 Ridgeview Lane.

Thereafter, plaintiff first negotiated for the purchase of seven remaining undeveloped lots that the parties then assumed the sponsors owned, including 21 and 22 Ridgeview Lane. When unsuccessful, plaintiff sought payment of uncollected association dues allegedly owed by the sponsors in connection with the seven lots. Protracted litigation between the parties ensued.[1] In 2002, the sponsors sold the seven lots—purportedly including 21 and 22 Ridgeview Lane—to Kenneth Ermiger. Shortly thereafter, in the context of the litigation between the parties, the sponsors were ordered to obtain title insurance covering the 1994 conveyance for plaintiff's benefit. Accordingly, in 2003, defendant issued to plaintiff the policy that is the center of this dispute.

Significantly, when the title insurance policy was issued, defendant's research revealed variations in the number and location of the lots excepted from the 1994 conveyance to plaintiff. Specifically, defendant noted the difference between the number of lots excepted in the deed and the number reflected in the relevant maps, as well as the indefiniteness of the description of the location of the remaining vacant lots. In light of these problems, defendant included "exclusion 23" in the policy, thereby insuring plaintiff's property "[s]ubject to variations between the number and location of Phase III units described in [plaintiff's 1994 deed] and that shown on Green Harbour Subdivision Map Showing Phase I, II and III . . . and the cur-

---

1. Such litigation has resulted in several appearances before our Court (see *Green Harbour Homeowners Assn., Inc. v Ermiger*, 72 AD3d 1186 [2010]; *Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d 1199 [2008]; *Black v Green Harbour Homeowners' Assn., Inc.*, 37 AD3d 1013 [2007]; *Black v Green Harbour Homeowners' Assn., Inc.*, 19 AD3d 962 [2005]; *Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963 [2005]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744 [2003]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465 [2003], *lv dismissed* 100 NY2d 640 [2003]).

rent tax map, and 'as built' locations of buildings in Phase III." Plaintiff objected to exclusion 23 and attempted to obtain a court order compelling the sponsors to provide a new survey such that the exception could be eliminated, but was unsuccessful. Thereafter, the policy was issued subject to exclusion 23.

In 2005, Ermiger began planning the development of those lots deeded to him by the sponsors and proposed the construction of three townhouses on Lookout Mountain Drive. Plaintiff objected, arguing that the planned construction would encroach on plaintiff's property that surrounds Ermiger's Lookout Mountain Drive lots. Plaintiff then provided notice to defendant of its possible claim and defendant disclaimed coverage under the policy, citing exclusion 23.

Plaintiff nevertheless commenced the underlying action against Ermiger, seeking a judicial determination with respect to each party's ownership interest in the Ridgeview and Lookout Mountain lots, to eject Ermiger from its land surrounding the Lookout Mountain lots and damages as a result of Ermiger's alleged trespass upon its property (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d 1199 [2008]). Ermiger, in turn, commenced a third-party action against the sponsors and counterclaimed against plaintiff, seeking, among other things, reformation of plaintiff's 1994 deed to reflect the sponsors' retained ownership of the two Ridgeview Lane lots on the basis of mutual mistake between plaintiff and the sponsors. During the pendency of that litigation, plaintiff commenced the instant action to compel defendant to defend its title to the subject property, alleging breach of contract and seeking indemnification. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendant's cross motion and plaintiff now appeals.

Finding that the plain language of exclusion 23 bars plaintiff's claim to coverage, we affirm. "[A]n insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Electric Ins. Co. v Boutelle*, 122 AD2d 332, 332-333 [1986]). With respect to the dispute over title ownership of the Ridgeview Lane lots and Ermiger's counterclaim seeking reformation of the 1994

deed based upon mutual mistake,[2] we find that defendant's specific exception to the variations in the number of lots conveyed by the 1994 deed with those shown on the relevant subdivision and tax maps clearly encompasses the underlying dispute over ownership of the Ridgeview Lane lots. Likewise, the dispute over the location of the townhouse units that Ermiger has the right to build on his Lookout Mountain Road lots involves the location of the lots excepted in the 1994 deed— another matter specifically covered in exclusion 23, as well as exclusion 24, which excepts "any state of facts a current certified survey would show." Where, as here, an insurance policy's unambiguous terms demonstrate that the policy does not cover the claimed loss, summary judgment is appropriate (*see White v Rhodes*, 34 AD3d 951, 952-953 [2006]; *Senate Ins. Co. v Tamarack Am.*, 14 AD3d 922, 923 [2005]; *Electric Ins. Co. v Boutelle*, 122 AD2d at 332-333).

To the extent that the exclusion could be read as ambiguous in this regard, we need not construe it against the insurer where, as here, extrinsic evidence exists that amply resolves any perceived ambiguity by demonstrating that the exclusion was intended to cover precisely the type of issues involved in the litigation between plaintiff, Ermiger and the sponsors (*see Fairchild v Genesee Patrons Coop. Ins. Co.*, 238 AD2d 841, 842 [1997], *lv denied* 90 NY2d 807 [1997]; *cf. State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *Econo Truck Body & Equip. v Guaranty Natl. Ins. Co.*, 162 AD2d 913, 915 [1990]). As previously discussed, prior to the issuance of the policy in 2003, defendant recognized the two-lot discrepancy between the 1994 deed and the Green Harbour subdivision map and tax map for Phase III. Defendant so notified plaintiff and drafted exclusion 23 specifically to address the problem, prompting plaintiff's efforts at having it removed from the title policy.

With regard to the Lookout Mountain Drive property, it is not disputed that Ermiger took title to three lots described as being located on Lookout Mountain Drive; rather, it is the location of these lots and whether the proposed construction will encroach on plaintiff's property that is in dispute. Record evidence reveals that plaintiff was aware of the indefinite description of the properties identified in Phase III, but that the difficult terrain and need for future governmental approvals precluded a more precise description. Again, plaintiff's objection to exclusion 23 reveals its understanding that the policy, issued subject to the

---

2. In 2008, this Court reversed Supreme Court's order granting Ermiger's motion for summary judgment as to this claim, finding it to be time-barred (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d at 1200).

exception, would not cover disputes related to the location of these undeveloped lots. Under these circumstances, we hold that defendant met its burden of proving " 'that the construction it advances is not only reasonable, but also that it is the only fair [one]' " (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 635 [2005], quoting *Boggs v Commercial Mut. Ins. Co.*, 220 AD2d 973, 974 [1995]).

We have considered plaintiff's remaining contentions and find them unpersuasive.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.