GAETANO DEMETRIO, Respondent-Appellant, v STEWART TITLE INSURANCE COMPANY, Appellant-Respondent. [3 NYS3d 75]—

In an action to recover damages for breach of a title insurance policy, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated March 26, 2013, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3012 to compel acceptance of the complaint, denied its cross motion pursuant to CPLR 3012 to dismiss the action for failure to timely serve the complaint, and denied its cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal by the plaintiff is dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's cross motion for summary judgment dismissing the complaint, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from by the defendant; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action alleging breach of a title insurance policy by service of a summons with notice. The defendant filed a demand for the complaint. Several months later, the plaintiff served a complaint, alleging that the subject title insurance policy insured title to seven lots and that, after he was determined to hold title to only two of those lots in a condemnation proceeding (*see Matter of New Cr. Bluebelt, Phase 4*, 79 AD3d 888 [2010]), the defendant insurer refused his demand for payment under the subject policy for the value of the five other lots. The defendant rejected the complaint as untimely. The plaintiff thereafter moved to compel the defendant to accept the complaint. The defendant cross-moved to dismiss the complaint pursuant to CPLR 3012 (b) for failure to timely serve the complaint.

In an oral decision, the Supreme Court compelled acceptance of the complaint, granted the defendant leave to serve an answer, converted the plaintiff's motion into one for summary judgment, and allowed both parties to submit additional papers in connection with the plaintiff's motion for summary judgment. The defendant answered the complaint and cross-moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion which was to compel acceptance of the complaint, denied the defendant's cross motion to dismiss the action pursuant to CPLR 3012 (b), denied that branch of the plaintiff's motion which was converted into a motion for summary judgment, and denied the defendant's cross motion for summary judgment dismissing the complaint.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to compel acceptance of the complaint and denying the defendant's motion to dismiss the action pursuant to CPLR 3012 (b) (*see Yong Il Pak v Kwah*, 236 AD2d 608 [1997]).

However, the Supreme Court erred in denying the defendant's cross motion for summary judgment dismissing the complaint. Generally, courts determine the rights and obligations of parties under insurance contracts based on the specific language of the policies (*see State of New York v Home Indem.*

*Co.*, 66 NY2d 669, 671 [1985]; *Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916, 919 [1984]; *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]). However, where the language is reasonably susceptible of more than one interpretation, and thus ambiguous, "the parties to the policy may, as an aid in construction, submit extrinsic evidence of their intent at the time of contracting" (*Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688, 691 [2008]; *see State of New York v Home Indem. Co.*, 66 NY2d at 671; *Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d at 919). "[I]f the tendered extrinsic evidence is itself conclusory and will not resolve the equivocality of the language of the contract, the issue remains a question of law for the court" (*State of New York v Home Indem. Co.*, 66 NY2d at 671). "Under those circumstances, the ambiguity must be resolved against the insurer which drafted the contract" (*id.*; *see City of New York v Evanston Ins. Co.*, 39 AD3d 153, 156 [2007]).

"It is only where such evidence does not resolve the equivocality that the ambiguity must be resolved against the insurer" (*Fairchild v Genesee Patrons Coop. Ins. Co.*, 238 AD2d 841, 842 [1997]; *see Green Harbour Homeowners' Assn., Inc. v Chicago Tit. Ins. Co.*, 74 AD3d 1655, 1658 [2010]). Where there is ambiguity and the "determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury" (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d at 172; *see Fagnani v American Home Assur. Co.*, 64 NY2d 967 [1985]). Where, however, a party's extrinsic evidence demonstrates "not only that its interpretation is reasonable but that it is the only fair interpretation," summary judgment is appropriate (*City of New York v Evanston Ins. Co.*, 39 AD3d at 156 [internal quotation marks omitted]; *see Green Harbour Homeowners' Assn., Inc. v Chicago Tit. Ins. Co.*, 74 AD3d at 1658-1659).

Here, the subject title insurance policy is ambiguous as to the property it covered, since schedule A of the policy states that it insures title to only lot 1, but refers to an annexed legal description containing the metes and bounds for seven lots. Nevertheless, the defendant established its prima facie entitlement to judgment as a matter of law by submitting documents related to the foreclosure action and sale at which the plaintiff purchased lot 1, and his contemporaneous purchase of the subject insurance policy (*see Matter of New Cr. Bluebelt, Phase 4*, 79 AD3d 888 [2010]). While certain of the documents attached a legal description encompassing all seven lots, all of the

documents reference the sale of, and the plaintiff's purchase of, lot 1, which was the only lot offered for sale at the foreclosure auction (*see id.*). The plaintiff signed and certified documents reflecting his purchase of lot 1 only. The subject insurance policy was purchased by the plaintiff at the closing of the sale of lot 1, and he paid a premium based on the purchase price of Lot 1.

Insurance contracts are to be interpreted according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts (*see General Motors Acceptance Corp. v Nationwide Ins. Co.*, 4 NY3d 451, 457 [2005]; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *City of New York v Evanston Ins. Co.*, 39 AD3d at 156). The extrinsic evidence demonstrated that the only fair interpretation of the subject policy is that it insured the plaintiff's title to lot 1, and no other lots (*see Green Harbour Homeowners' Assn., Inc. v Chicago Tit. Ins. Co.*, 74 AD3d at 1658-1659; *Fairchild v Genesee Patrons Coop. Ins. Co.*, 238 AD2d 841 [1997]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention, that the cross motion was properly denied due to a lack of discovery, is not properly before this Court. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.