Dunkle v Vakoulich (2019 NY Slip Op 04564)





Dunkle v Vakoulich


2019 NY Slip Op 04564


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


493 CA 18-02338

[*1]NICHOLAS DUNKLE, PLAINTIFF-RESPONDENT,
v
PAVEL VAKOULICH, AND K.A.M. TRUCKING, INC., DEFENDANTS-APPELLANTS. 






CARTAFALSA, TURPIN & LENOFF, NEW YORK CITY (BRIAN P. MINEHAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
DAVID W. POLAK, ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 26, 2018. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when the tractor-trailer he was operating struck a tractor-trailer operated by defendant Pavel Vakoulich and owned by defendant K.A.M. Trucking, Inc. Supreme Court denied defendants' motion for summary judgment dismissing the complaint. We affirm.
It is well established that "[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (Borowski v Ptak, 107 AD3d 1498, 1498 [4th Dept 2013] [internal quotation marks omitted]; see Johnson v Yarussi Constr., Inc., 74 AD3d 1772, 1772-1773 [4th Dept 2010]). Here, we conclude that defendants failed to meet their initial burden on the motion. Defendants' own submissions provide a nonnegligent explanation for the accident on the part of plaintiff and raise triable issues of fact whether Vakoulich was negligent—i.e., whether he stopped the tractor-trailer partially in the lane of travel in violation of Vehicle and Traffic Law § 1201 (a) or was otherwise negligent in that regard and whether he failed to turn on the hazard lights—and, if so, whether his negligence was a proximate cause of the accident (see Ortiz v New York City Tr. Auth., 138 AD3d 809, 810 [2d Dept 2016]; Richardson v Kempney Trucking, 12 AD3d 1099, 1099-1100 [4th Dept 2004]). "The fact that [plaintiff] may have also been negligent does not absolve [defendants] of liability inasmuch as an accident may have more than one proximate cause" (Zbock v Gietz, 145 AD3d 1521, 1522-1523 [4th Dept 2016]). Finally, to the extent that defendants contend that they established their entitlement to the benefit of the emergency doctrine as a matter of law, we reject that contention inasmuch as their "own submissions raise triable issues of fact whether [Vakoulich] was faced with an emergency and whether he acted reasonably under the circumstances" (Guzek v B & L Wholesale Supply, Inc., 126 AD3d 1506, 1507 [4th Dept 2015]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court