Pick v Midrox Ins. Co. (2020 NY Slip Op 04682)





Pick v Midrox Ins. Co.


2020 NY Slip Op 04682


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


463 CA 19-01085

[*1]DONALD F. PICK, PLAINTIFF-APPELLANT,
v
MIDROX INSURANCE COMPANY, DEFENDANT-RESPONDENT. 






GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFF-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, JAMESVILLE (MATTHEW C. RONAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 3, 2019. The order granted defendant's motion insofar as it sought summary judgment declaring that defendant had no obligation to cover the subject damage and dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion insofar as it sought summary judgment declaring that defendant had no obligation to cover damage to the property and dismissing the complaint is denied, the declaration is vacated, the complaint is reinstated, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Defendant insures plaintiff's agricultural property under a policy that covers damage from a "windstorm." The policy, however, does not define the term "windstorm." After the property was damaged by an event that plaintiff characterizes as a "windstorm," he commenced this action for a judgment declaring that defendant must cover the damage under the "windstorm" provision. Defendant moved for summary judgment dismissing the complaint and declaring that it had no obligation to cover the subject damage, reasoning that the damage was caused by the collapse of a structurally deficient silo on the property, not by one or more gusts of wind. In any event, defendant continued, even had the damage been caused by one or more gusts of wind, such a gust or gusts did not constitute a "windstorm" covered under the policy. Alternatively, defendant sought summary judgment declaring that its coverage obligation was limited in various specified ways.
Supreme Court granted defendant's motion insofar as it sought summary judgment dismissing the complaint and declaring that defendant had no obligation to cover the subject damage. The court deemed defendant's alternative ground for summary judgment to be moot given the complaint's dismissal. We now reverse.
We agree with plaintiff that the competing expert affidavits submitted by the parties create triable issues of fact as to the actual cause of the damage in this case. Thus, defendant is not entitled to summary judgment on the ground that the damage was caused by an explicit policy exclusion, such as wear and tear or failure to act (compare Khuns v Bay State Ins. Co., 78 AD3d 1496, 1497-1499 [4th Dept 2010] with Fairchild v Genesee Patrons Coop. Ins. Co., 238 AD2d 841, 842 [3d Dept 1997], lv denied 90 NY2d 807 [1997]).
Defendant is likewise not entitled to summary judgment on the ground that plaintiff's loss would not be covered under the "windstorm" provision even had the damage been caused by one or more gusts of wind. That issue cannot be resolved as a matter of law because the critical term—"windstorm"—"is ambiguous and susceptible of [at least] two reasonable interpretations, . . . and the resolution of the ambiguity is for the trier of fact" (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]; see Boggs v Commercial Mut. Ins. Co., 220 AD2d 973, 974-975 [*2][3d Dept 1995]; Show Car Speed Shop v United States Fid. & Guar. Co., 192 AD2d 1063, 1064-1065 [4th Dept 1993]; Mawardi v New York Prop. Ins. Underwriting Assn., 183 AD2d 756, 757-758 [2d Dept 1992]). We note that neither party submitted competent extrinsic evidence that conclusively establishes the meaning of the term "windstorm" in the policy, much less whether the "windstorm" provision applies upon the occurrence of one or more sustained gusts of wind (cf. Fairchild, 238 AD2d at 842).
Given our determination, the motion is no longer moot insofar as it sought alternative relief, and we therefore remit the matter to Supreme Court to determine the motion to that extent (see Richardson v Kempney Trucking, 12 AD3d 1099, 1100 [4th Dept 2004]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court