OPINION OF THE COURT
Memorandum.
The appeal of defendant Commercial Union Insurance Company should be dismissed, without costs, on the ground that as to it the order of the Appellate Division does not finally determine the action within the meaning of the Constitution (NY Const, art VI, § 3 [b] [1]).
On the appeal by plaintiff Lederer, the order of the Appellate Division should be reversed, with costs, and partial summary judgment granted in favor of plaintiff Lederer declaring that defendant Commercial Union Insurance Company is required to defend plaintiff Lederer in an action entitled O’Rorke v Lederer, et al. and to compensate him for the costs and expenses of his defense thus far in the action.
Defendant Commercial Union Insurance Company insured plaintiff Villa Charlotte Bronte, Inc., a cooperative apartment building, and its officers, directors and stockholders for damages resulting, inter alia, from defamatory statements made by the officers, directors and stockholders acting within the scope of their duties. As the result of a dispute between plaintiffs and one O’Rorke, certain statements were made which O’Rorke contends defamed him. He therefore brought an action against plaintiffs *848 herein and they called upon defendant insurer to defend and indemnify them. After it refused to do so, plaintiffs brought this declaratory judgment action and moved for partial summary judgment requiring the insurer to defend them. Special Term denied the motions. The Appellate Division reversed and granted partial summary judgment to plaintiffs Villa Charlotte Bronte, Inc., and Abelman, president of the corporation, but dismissed the complaint of plaintiff Lederer, the vice-president (see, 98 AD2d 330). It found that Lederer was not entitled to relief because of an exclusion in the policy which provided that the insurance did not apply: “(d) to personal injury arising out of any publication or utterance * * * if the first injurious publication or utterance of the same or similar material by or on behalf of the named insured was made prior to the effective date of this insurance.” (Emphasis added.)
Finding that Lederer had made defamatory statements personally and not on behalf of the corporation before the inception of the policy on March 1, 1980, it held that Commercial Union had no duty to defend him. The O’Rorke complaint alleges, however, that Lederer made defamatory statements on behalf of the corporation after March 1,1980 and it cannot be determined as a matter of law that he did so earlier. But even if the Appellate Division was correct in finding that Lederer’s prepolicy statements were not made during the course of his duties, he was entitled to a defense on the statements the complaint charged him with making on behalf of the company, after the inception of the policy, which allegedly defamed O’Rorke. The insurer could only be excused from defending Lederer because of the language of the policy exclusion if it could establish, as a matter of law, that there is no possible factual or legal basis on which the insurer might eventually be obligated to indemnify him under any provision contained in the policy (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304; Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876). Manifestly, Commercial Union cannot do so at this stage of the proceedings before several factual issues are resolved as to the making of the defamatory statements, the dates when they were made, whether the declarant was acting on behalf of the corporation when he made them and whether the prepolicy statements were the same as or similar to those made after March 1, 1980.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On appeal by defendant: Appeal dismissed, without costs.
*849 On appeal by plaintiff Lederer: Order insofar as appealed from reversed, with costs, and partial summary judgment granted in favor of plaintiff Lederer in accordance with the memorandum herein.