OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 This dispute centers on a liability insurance policy issued by defendant and naming as the insureds: ”1) Jones Beach State Parkway Authority [and] 2) The People of the State of New York as interests may appear.” It arises out of a highway accident on January 3,1974 when a vehicle driven by Richard Lattanzi skidded on the ice on Long Island’s Southern State Parkway, veered off the road and hit a wooden guardrail which splintered causing him severe injuries. Lattanzi and his wife then commenced an action in the Court of Claims
 
 (see, Lattanzi v State of New York,
 
 74 AD2d 378,
 
 affd
 
 53 NY2d 1045;
 
 Littanzi
 
 [sic]
 
 v State of New York,
 
 54 AD2d 1043), and named as defendants the State of New
 
 *671
 
 York, the Long Island State Park and Recreation Commission (Commission) and the Department of Transportation (Department). The Jones Beach State Parkway Authority (Authority), the first-named insured on the policy, was not a defendant in the Court of Claims action. The insurer defended the State, the Commission and the Department in the Court of Claims action, but refused to indemnify the State when the Lattanzis obtained a money judgment against it for the actions of the Commission and the Department in the design, testing and construction of the guardrail system. Subsequently, the State brought the present action demanding indemnification pursuant to the liability policy issued by defendant.
 

 In a single order, Supreme Court granted defendant’s motion for a change of venue and denied the State’s cross motion for summary judgment. The Appellate Division reversed, with one justice dissenting, and granted the State summary judgment as to its right to indemnification under the insurance contract. Defendant now appeals, contending that the term naming as insureds the "1) Jones Beach State Parkway Authority [and] 2) The People of the State of New York as interests may appear” is ambiguous and requires that extrinsic evidence be examined to ascertain the intent of the parties to the contract, thus precluding a grant of summary judgment. We affirm.
 

 Generally, the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies
 
 (Hartford Acc. & Indem. Co. v Wesolowski,
 
 33 NY2d 169, 172;
 
 see also, Newin Corp. v Hartford Acc. & Indem. Co.,
 
 62 NY2d 916, 919). If, however, the language in the insurance contract is ambiguous and susceptible of two reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact
 
 (Fagnani v American Home Assur. Co.,
 
 64 NY2d 967,
 
 revg on dissent at App Div
 
 101 AD2d 803). On the other hand, if the tendered extrinsic evidence is itself conclusory and will not resolve the equivocality of the language of the contract, the issue remains a question of law for the court
 
 (Hartford Acc. & Indem. Co. v Wesolowski, supra).
 
 Under those circumstances, the ambiguity must be resolved against the insurer which drafted the contract
 
 (Breed v Insurance Co. of N. Am.,
 
 46 NY2d 351, 353;
 
 Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,
 
 34 NY2d 356, 361).
 

 In the present case, it is unclear from the face of the insurance contract itself whether the parties intended the policy to cover the State only insofar as liability was imposed upon it due to the
 
 *672
 
 acts or omissions of the Authority, as defendant contends, or whether the State was to be covered for liability imposed upon it for the acts or omissions of any of its agencies or subdivisions with respect to the Jones Beach State Parkway System. Although defendant offered the affidavit of Willis McCullagh, the company officer who supervised the negotiation of the contract, as extrinsic evidence to cure this ambiguity, the affidavit stated no more than that the phrase "as interests may appear” was a term of art. Because it contained nothing to establish that the limitation claimed to result from that term of art had been brought to the attention of those who negotiated on behalf of the Authority for issuance of the policy, the affidavit did not supply the evidentiary facts needed to present an issue for the jury
 
 (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,
 
 32 NY2d 285, 290;
 
 cf. Fagnani v American Home Assur. Co., supra).
 
 Thus, because there are no questions of credibility and no inferences to be drawn from extrinsic evidence, the interpretation of the insurance policy is an issue of law which can be decided by this court on appellate review
 
 (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra,
 
 at p 291;
 
 Hartford Acc. & Indem. Co. v Wesolowski, supra).
 

 In this case, it is not unreasonable to read the ambiguous phrase, naming "The People of the State of New York as interests may appear” as insureds under the policy, as a clause extending coverage to the Long Island State Park and Recreation Commission and the Department of Transportation for their acts or omissions with respect to the Jones Beach State Parkway Authority. Accordingly, inasmuch as the ambiguity must be resolved against the defendant insurer which drafted the contract
 
 (Breed v Insurance Co. of N. Am., supra; Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., supra),
 
 the Appellate Division order should be affirmed.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4) order affirmed, with costs, in a memorandum.