■ COUNTY OF WESTCHESTER, Plaintiff, v EDO CORPORATION, Defendant and Third-Party Plaintiff-Appellant. ADRIATIC INSURANCE Co. et al., Third-Party Defendants-Respondents.—In an action to recover for property damages caused by a fire, the appeals are from (1) an order of the Supreme Court, Westchester County (Ingrassia, J.), dated September 30, 1985 which granted the respondents' motions for summary judgment dismissing the third-party complaint, and (2) so much of an order of the same court, dated December 2, 1985, as denied the appellant's motion for renewal.

Order dated September 30, 1985, affirmed.

Order dated December 2, 1985, affirmed insofar as appealed from.

The respondents appearing separately and filing separate briefs are awarded one bill of costs.

The plaintiff commenced this action against the appellant to recover damages for the destruction by fire of an airport hanger which it had leased to the appellant. The appellant impleaded the respondent insurance companies, seeking indemnity on the basis of umbrella liability insurance policies they had issued. The respondents moved for summary judgment dismissing the third-party complaint on the ground that the umbrella policies specifically excluded coverage for loss to the property of others which was under the "care, custody, or control" of the appellant. The appellant opposed the motions, *inter alia,* on the ground that it was entitled to indemnity for any judgment it might have to pay the plaintiff (above a specified "self-insured retention") because the policies did not contain an express exclusion for "fire legal liability" coverage.

We agree with Special Term that since the occurrence in question falls within the ambit of the plain and clear "care, custody and control" exclusion, there is no issue of fact

concerning implied coverage which would be inconsistent with said exclusion *(see, State of New York v Home Indem. Co.,* 66 NY2d 669; *Fagnani v American Home Assur. Co.,* 64 NY2d 967, *revg* 101 AD2d 803 *on dissent at App Div; Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169). This determination is supported by this court's review of a similar clause in the case of *North Am. Iron & Steel Co. v Isaacson Steel Erectors* (36 AD2d 770, *affd* 30 NY2d 640).

We have considered the other contention raised by the appellant and find it to be without merit. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.