■ STARLO FASHIONS, INC., Appellant-Respondent, v CONTINENTAL INSURANCE COMPANY, Respondent-Appellant.—Order

of the Supreme Court, New York County (Beatrice Shainswit, J.), entered March 12, 1991, which denied plaintiff's motion for partial summary judgment and defendant's cross-motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff purchased a policy of credit insurance from defendant Continental Insurance Company to protect plaintiff against the insolvency of its customers. Following the default in payment for merchandise by certain customers, including some which arose in connection with the reorganization in bankruptcy of Federated Department Stores, plaintiff served the requisite notice of claim upon Continental. The insurer paid those claims which were not subject to dispute by the customer, but refused to pay that portion of plaintiff's claim supported only by invoices without either confirmation by the debtor or a copy of the debtor's schedules in bankruptcy. Upon receiving confirmation of two of these claims from customers not affiliated with Federated Department Stores, Continental made payment pursuant to its policy.

Plaintiff seeks to obtain partial summary judgment for the amount of the disputed claims, contending that the policy specifically provides for payment upon presentation of invoices. Defendant, by cross-motion, seeks dismissal of the complaint, arguing that the policy specifically provides for payment only upon proof of undisputed claims.

Supreme Court properly denied both applications. A rider to the policy of insurance provides that, within 60 days after receipt of a statement of claim, the insurer "shall adjust all accounts mentioned therein, in accordance with the provisions of Condition 8 of this Policy, that were filed within the time provided by, and which come within the terms, conditions and stipulations of, this Policy, *and immediately pay to the Insured the amount of excess loss, if any, then found due"* (emphasis added). Condition 8, however, with respect to disputed claims, provides that they "shall not be allowed in any adjustment under this Policy until such disputed claim shall have been *finally determined* to be a valid and legally sustainable indebtedness against the debtor or the debtor's estate, *at which time* such claim, so far as covered under this Policy, shall be adjusted and the amount due the Insured *shall then be paid"* (emphasis added).

The language relied upon by the respective parties is inconsistent. Because the payment provision of the policy "is ambiguous and susceptible of two reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of

fact" *(State of New York v Home Indem. Co.,* 66 NY2d 669, 671). Concur—Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.