■ NORTH RIVER INSURANCE COMPANY, Appellant-Respondent, v KAY-R ELECTRIC CORPORATION, Respondent-Appellant. —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that the reasonableness of the notice of disclaimer served by the North River Insurance Company (North River) on October 24, 1988 presented a factual question to be determined at trial (see, Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030, *rearg denied* 47 NY2d 951; *Allstate Ins. Co. v Gross,* 27 NY2d 263, 270). However, even if the notice was timely, the ultimate issue of North River's obligation to indemnify must await resolution of the underlying action in accordance with the second part of policy exclusion (g).

It was error, however, for the court to determine summarily that North River's policy exclusion would apply in the event its disclaimer is found to be effective. In our view, the phrase "chartered with crew" in North River's policy exclusion is ambiguous and is susceptible to more than one reasonable interpretation (see, *State of New York v Home Indem. Co.,* 66 NY2d 669, 671), making resolution of the ambiguity upon this record particularly inappropriate (see, *Fagnani v American Home Assur. Co.,* 64 NY2d 967, *revg on dissent at App Div* 101

AD2d 803, 804). North River has the burden of demonstrating that the occurrence comes within the exclusion and that its construction is the only one that fairly could be placed on it *(Fagnani v American Home Assur. Co.,* 101 AD2d, *supra,* at 806; *cf., Walker v Firemans Fund Ins. Co.,* 66 Md App 687, 692, 505 A2d 884, *cert denied sub nom. Rairigh v Firemen's Fund Ins. Co.,* 306 Md 514, 510 A2d 260). Under the circumstances, we conclude that such a determination can be made only following trial at which all the facts and circumstances concerning the alleged use by Kay-R Electric Corp. of the Cessna 182P airplane owned by TAIR Associates, Inc. and piloted by Harold T. Limpert are developed. (Appeals from Judgment of Supreme Court, Onondaga County, Stone, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.