■ VOLNEY RESIDENCE, INC., Respondent, v ATLANTIC MUTUAL INSURANCE Co., Appellant. [600 NYS2d 707] —Order and judgment (one paper), Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered June 24, 1992, which granted plaintiff's motion for summary judgment and declared that defendant was obligated to defend it in a certain lawsuit, unanimously affirmed, with costs.

Plaintiff, a cooperative corporation, was sued, along with past and present directors, managing agents, accountants and lawyers, in a Federal RICO action (18 USC § 1961 *et seq.*) in the United States District Court for the Southern District of New York. The individual defendants in that action were alleged intentionally to have committed acts of self-dealing and fraud, causing injury to the corporation and to the plaintiffs. The corporation made claim under its insurance policy issued by defendant for representation in the Federal action and defendant disclaimed coverage on the grounds that non-negligent acts were excluded.

The policy provision in question covers claims arising from "a negligent act, error or omission", which term is defined as "any negligent act, error or omission or breach of duty of [the] directors or officers while acting in their capacity as such." The definition is susceptible of more than one meaning and can be understood to cover *any* breach of duty of the directors or officers, not exclusively *negligent* breaches of duty.

Ambiguities in an insurance policy are to be resolved against the insurer *(see, e.g., State of New York v Home Indem. Co.,* 66 NY2d 669). Even though the Federal action has been dismissed on procedural grounds, and the claims made by the plaintiffs in the Federal action might not have been substantiated, where the claims asserted are within policy coverage, the insurer must defend, irrespective of ultimate liability *(Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424). Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.