Richard M. McCOSTIS, Esq.,
Plaintiff–Appellant,

v.

HOME INSURANCE COMPANY OF
INDIANA, Defendant–Appellee.

No. 1517, Docket 93–9283.

United States Court of Appeals,
Second Circuit.

Argued May 2, 1994.

Decided August 8, 1994.

Michael F. Fitzgerald, New York City (Richard M. McCostis, pro se, on the brief), for plaintiff-appellant.

Evan H. Krinick, Uniondale, NY (Merril Schapiro Biscone, Rivkin, Radler & Kremer), for defendant-appellee.

---

* The Honorable Constance Baker Motley, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: PRATT and WALKER, Circuit Judges, and MOTLEY, District Judge.*

WALKER, Circuit Judge:

Plaintiff Richard M. McCostis brought this action seeking a declaratory judgment that his insurer, defendant Home Insurance Company of Indiana ("Home Insurance"), had a duty to defend McCostis, an attorney, in a suit arising from McCostis's allegedly fraudulent overbilling of a client. The United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) denied McCostis's motion for summary judgment, and, following further submissions, granted summary judgment in favor of Home Insurance. For the reasons that follow, we vacate and remand.

## BACKGROUND

McCostis was a partner in a small law firm and served as director, secretary, and outside general counsel to Barr Laboratories ("Barr Labs"). Barr Labs became a client of the law firm Winston & Strawn in September 1990. According to a complaint filed by Winston & Strawn, McCostis along with former Winston & Strawn partner Lawrence Fox engaged in a scheme to fraudulently overbill Barr Labs in the amount of $756,251.75. Of this amount, McCostis allegedly received approximately $335,000 and Fox or his designees received over $420,000. Winston & Strawn repaid Barr Labs the $756,251.75, and in return Barr Labs assigned to Winston & Strawn its rights and claims against McCostis and Fox. Winston & Strawn subsequently brought a twelve-count complaint claiming joint and several liability against these two lawyers for alleged violations of the civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) & (d), common law fraud, and breach of fiduciary duty.

McCostis holds a professional liability insurance policy issued by Home Insurance which was in effect during the relevant time period. Under that policy, Home Insurance agreed to "defend any claim against the In-

sured ... seeking damages to which this insurance applies even if any of the allegations of the suit are groundless, false, or fraudulent." The term "damages," as defined in the policy, includes

> a monetary judgement or settlement, including any such judgement or settlement for personal injury, and does not include fines or statutory penalties, or sanctions whether imposed by law or otherwise, *nor the return of or restitution of legal fees, costs and expenses.* (emphasis added).

Although Home Insurance initially assumed McCostis's defense, upon examining the Winston & Strawn complaint it refused to defend him on the basis that the suit was one for "the return of or restitution of legal fees, costs and expenses."

McCostis brought this action seeking a declaratory judgment that Home Insurance had a duty to defend him in the Winston & Strawn action. Ruling on McCostis's motion for summary judgment, the district court reasoned that because the essence of Winston & Strawn's claim was for the return of legal fees and expenses, the suit was excluded from coverage under the policy and Home Insurance therefore had no duty to defend. Following further submissions, the district court granted summary judgment in favor of Home Insurance. McCostis appealed to this court.

## DISCUSSION

■ Under controlling New York law, an insurer's duty to defend is "exceedingly broad" and is separate from and more expansive than the covenant to indemnify. *See Colon v. Aetna Life and Casualty Ins. Co.,* 66 N.Y.2d 6, 8–9, 494 N.Y.S.2d 688, 689, 484 N.E.2d 1040 (1985). An insurer can escape the duty to defend only if there is no legal or factual basis in the complaint upon which the insurer might eventually have to indemnify the insured. *See Villa Charlotte Bronte, Inc. v. Commercial Union Ins. Co.,* 64 N.Y.2d 846, 848, 487 N.Y.S.2d 314, 315, 476 N.E.2d 640 (1985).

■ McCostis contends that Home Insurance must defend him because the Winston & Strawn suit seeks more than "the return of or restitution of legal fees." Specifically, he argues that at least part of the alleged $755,000 in wrongful billing cannot be classified as a claim "for the return of or restitution of legal fees" because even the complaint alleges that he received only $335,000 in the scheme and never obtained or possessed more than that amount. He therefore asserts that a suit seeking more than $335,000 cannot be merely for the "return" or "restitution" of legal fees paid to him, but rather must include some element of damages. *Cf. United States v. IBT,* 964 F.2d 180, 196 (2d Cir.1992) ("The reimbursement order is not a traditional order of restitution ..., but instead is a command to [the trustee] to reach into his own pocket and pay to the Trust money to compensate it for the expenses he is alleged to have improperly caused it to undertake. An obligation of that sort is in substance a damage remedy."). The Winston & Strawn complaint raises numerous theories of liability, one of which charges McCostis with negligent breach of fiduciary duty. Under the policy, McCostis would be entitled to coverage for such a claim. Thus, McCostis asserts, Home Insurance has a duty to defend him in the Winston & Strawn action because the return or restitution exclusion cannot apply to disputed fees not actually paid to the insured but to third parties, and further that the Winston & Strawn suit claims damages for the excess in part on a negligence theory cognizable under the insurance policy.

Examining the language of the insurance contract, we believe that the policy does not provide a clear answer to the question of whether the return or restitution of legal fees exclusion would be applicable for disputes concerning fees paid to third parties. The exclusion provision could mean, as the district court effectively concluded, that all client billing controversies are excluded from coverage. On the other hand, the use of the words "return" and "restitution" seems to indicate that the exclusion would pertain only to situations where the insured received the disputed funds and is forced to repay the monies to the client. Accordingly, we find that the return or restitution of legal fees exclusion is ambiguous as applied to McCostis in this case.

When faced with ambiguity in an insurance policy, a reviewing court should consider extrinsic evidence submitted by the parties to assist in determining their actual intent. *See, e.g., State v. Home Indem. Co.,* 66 N.Y.2d 669, 671, 495 N.Y.S.2d 969, 971, 486 N.E.2d 827 (1985) (mem.); Ostrager & Newman, *Handbook on Insurance Coverage Disputes* § 1.01[b], at 5–6, § 1.03[a], at 10–12 (4th ed. 1991). If the extrinsic evidence does not yield a conclusive answer as to the parties' intent, it is appropriate for a court to resort to other rules of construction, including the contra-insurer rule, which states that any ambiguity in an insurance policy should be resolved in favor of the insured. *See Matthews v. American Cent. Ins. Co.,* 154 N.Y. 449, 456–57, 48 N.E. 751, 752 (1897); *see generally Handbook on Insurance Coverage Disputes* § 1.03[b][1], at 12–16. This rule is especially applicable when the ambiguity is found in an exclusionary clause. *See Breed v. Insurance Co. of N. Am.,* 46 N.Y.2d 351, 353, 413 N.Y.S.2d 352, 354, 385 N.E.2d 1280 (1978); *see also Ingersoll Milling Mach. Co. v. M/V Bodena,* 829 F.2d 293, 306 (2d Cir.1987) ("The rule that insurance policies are to be construed in favor of the insured is most rigorously applied in construing the meaning of exclusions incorporated into a policy of insurance or provisions seeking to narrow the insurer's liability."), *cert. denied,* 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 860 (1988).

Because we find that the policy exclusion is ambiguous, we vacate the district court's judgment that Home Insurance had no duty to defend McCostis and remand to allow the court to consider extrinsic evidence, if any, to determine the actual intent of the contracting parties, and to interpret the policy in accordance with the rules of construction described above.

Vacated and remanded. No costs.

MOTLEY, Senior District Judge, dissenting:

I respectfully dissent and would affirm on the opinion below.