■ ERIE AND NIAGARA INSURANCE ASSOCIATION, Respondent-Appellant, v STERLING INSURANCE COMPANY, Appellant-Respondent. [738 NYS2d 966] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking a declaration that both plaintiff and defendant must provide primary coverage for their insured's fire loss and must share the costs of defense and indemnification. Supreme Court erred in granting in part plaintiff's motion for summary judgment, determining that defendant's lack of compliance with Insurance Law § 3420 (d) prohibited defendant from disclaiming coverage for the fire loss. Disclaimer under section 3420 (d) is unnecessary where "a claim falls outside the scope of the policy's coverage portion" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188; *see*, *Zappone v Home Ins. Co.*, 55 NY2d 131, 134). The court further erred in summarily determining that defendant's policy covered both the office and the apartment uses of the insured premises. In our view, the language of defendant's policy on the coverage issue is "ambiguous and is susceptible to more than one reasonable interpretation * * * making resolution of the ambiguity upon this record particularly inappropriate" (*North Riv. Ins. Co. v Kay-R Elec. Corp.*, 187 AD2d 961). In addition, the fact that the insured paid a premium for plaintiff's policy over 25 times greater than the premium he paid for defendant's

policy presents an issue of fact whether defendant's policy was restricted to losses related to the office (*see, Mount Vernon Fire Ins. Co. v Besser, Inc.,* 203 AD2d 54, 54-55). Consequently, the court should consider parol evidence on the coverage issue (*see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671). We therefore modify the order by vacating the first five ordering paragraphs and denying plaintiff's motion in its entirety, and we remit the matter to Supreme Court for a hearing on the issue of coverage (*see, North Riv. Ins. Co. v Kay-R Elec. Corp., supra,* at 962). (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.