Thomas D. McCARTHY,
Plaintiff–Appellant,

v.

AMERICAN INTERNATIONAL GROUP, INC., AIG Life Companies, American International Life Assurance Company of New York, AIG Life Insurance Company and American Centurion Life and Accident Assurance Company, Defendants–Appellees.

Docket No. 01–7543.

United States Court of Appeals, Second Circuit.

Argued Dec. 20, 2001.

Decided March 12, 2002.

John V. Henry (Susan Regan-Henry, Henry & Regan-Henry, White Plains, NY, of counsel), for Appellant.

Craig Stephen Brown, New York City (Ellen G. Margolis, Mound, Cotton, Wollan & Greengrass, New York City, of counsel), for Appellee.

Before MESKILL, KEARSE and CALABRESI, Circuit Judges.

MESKILL, Circuit Judge.

Plaintiff-appellant Thomas D. McCarthy (McCarthy) appeals from an order of the United States District Court for the Eastern District of New York, Johnson, J., granting defendant-appellee AIG Life Insurance Company's (AIG Life) motion for summary judgment. Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), McCarthy being a citizen of New York, AIG Life being a Delaware corporation and having its principal place of business in Delaware, and the claimed damages exceeding $75,000. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 as this is an appeal from a final judgment of the district court. The district court found that McCarthy's claim for breach of contract was based on a claim for insurance benefits related to an injury that occurred during a time period not covered by an insurance policy issued by AIG Life. In the alternative, the district court determined that even if the claim was related to an injury that occurred during a period covered by the policy, McCarthy failed to file a timely notice of claim with AIG Life.

We conclude that, under the terms of the policy, the date of injury to which McCarthy's notice of claim related, and whether that date fell within the period covered by the policy, is irrelevant to the determination of whether he filed a facially valid notice of claim. We also conclude that there exists a genuine issue of material fact as to whether McCarthy's claim was for a 1991 injury or a 1995 injury. We further conclude that there is a genuine issue of material fact as to whether McCarthy's notice of claim was timely. We therefore vacate the district court's order and remand the case for further proceedings.

## BACKGROUND

McCarthy was employed by USAir as a utility man for its maintenance department at LaGuardia Airport. Through this employment, McCarthy entered into an insurance policy offered by AIG Life, the premiums for which were paid through payroll deductions. There is no dispute that McCarthy paid all relevant premiums. The policy coverage began in 1993.

In August 1991, McCarthy tripped and fell while at work, tearing cartilage in his left knee. In September 1991 he saw a physician and began physical therapy. Due to the limp he manifested from the knee injury, he developed back pains in early 1992. In April 1992, eight months after his knee injury, McCarthy underwent arthroscopic surgery on his knee. After returning to work he experienced very serious back pain that caused him to miss work on several occasions.

On April 17, 1995, McCarthy's back "gave out" while he was working. He has not returned to work since that date.

McCarthy sent to AIG Life a document entitled "Proof of Loss: Accidental Permanent Total Disability" (Proof of Loss Form), dated April 30, 1996. The separate sections of the form were completed by

USAir, McCarthy, and McCarthy's physician. According to the directions on the Proof of Loss Form, USAir was required to fill out the portion of the form detailing the date of the accident and the date of the disability. USAir listed August 29, 1991 as the date of the accident and April 17, 1995 as the date of the disability.

On August 15, 1996, AIG Life denied McCarthy's claim, stating that because the injury for which he was seeking benefits occurred in 1991, and his coverage under their policy did not begin until 1993, he was not covered. On September 7, 1996, McCarthy wrote back, seeking reconsideration of his claim, stating that the 1991 injury was "unrelated to the accident of 4–17–95." In his letter he also asserted that "the current Insurance carrier has stated that the injury of 4–17–95 is ... new and unrelated to any previous condition." AIG Life reconsidered the claim and denied it, stating that "[o]ur evaluation and review of the documents reveal that you were injured while at work on April 17, 1995." But AIG Life further noted that McCarthy's doctor had concluded that McCarthy suffered from a "mild *partial* disability" and that the New York Worker's Compensation Board designated him "permanently *partially* disabled." Under the terms of his policy, he was not eligible for payment unless he was designated "permanently and totally disabled" by a physician. In neither letter did AIG Life state that McCarthy's notice of claim was untimely.

McCarthy initiated litigation for breach of contract against AIG Life and other defendants in New York Supreme Court, Queens County. After other defendants were dismissed from the case, AIG Life removed the case to the United States District Court for the Eastern District of New York. 28 U.S.C. §§ 1332(a)(1) (diversity jurisdiction), 1441(a) (defendant may remove state civil action to federal district court if federal district court has original jurisdiction over action). AIG Life then moved for summary judgment, asserting that McCarthy's claim was related to his 1991 injury and was thus outside the time period covered by the policy. But even if his claim was for his 1995 injury, AIG Life asserted that his notice of claim was untimely. The district court granted summary judgment to AIG Life on both independent grounds. First, it found that to the extent McCarthy's claim was for benefits arising out of a 1991 accident, his claim was not covered by AIG Life's policy, which did not go into effect until 1993. Second, the district court found that to the extent McCarthy's claim was for the 1995 accident, he was required to "notify AIG Life of his claim within 20 days after occurrence or commencement of any loss or [as] soon thereafter as is reasonably possible." The district court then concluded that McCarthy did not notify AIG Life of the 1995 accident until September 7, 1996, "16 months after it purportedly occurred. Moreover, [McCarthy] offered no excuse for the delay." The district court thus implicitly concluded that McCarthy was required to file notice within twenty days after his accident or injury and was required to notify AIG Life in his notice of claim of the date of the injury for which he was seeking benefits.

This appeal followed.

## DISCUSSION

### I. *Standard of Review*

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party." *Giordano v. City of N.Y.*, 274 F.3d 740, 746 (2d Cir.2001) (citing *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999)). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.'" *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1535 (2d Cir.1997) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Therefore, "'if, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" *Id.* (quoting *Gummo v. Vill. of Depew*, 75 F.3d 98, 107 (2d Cir.1996)). The moving party must demonstrate the absence of any genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation marks and citations omitted).

## II. *Policy Interpretation*

■ The parties do not contest that New York law applies to this dispute. "The New York approach to the interpretation of contracts of insurance is 'to give effect to the intent of the parties as expressed in the clear language of the contract.'" *Mount Vernon Fire Ins. Co. v. Belize NY*, 277 F.3d 232, 236 (2d Cir.2002) (quoting *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir.1995)). "'Unambiguous terms are to be given their plain and ordinary meaning,'

and 'ambiguous language should be construed in accordance with the reasonable expectations of the insured when he entered into the contract.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Cos.*, 265 F.3d 97, 103 (2d Cir.2001) (quoting *In re Prudential Lines*, 158 F.3d 65, 77 (2d Cir.1998)). New York follows the well established *contra proferentem* principle which requires that "equivocal contract provisions are generally to be construed against the drafter." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 67 (2d Cir.2000); *accord Westchester Resco Co., L.P. v. New England Reins. Corp.*, 818 F.2d 2, 3 (2d Cir.1987) (per curiam).

## III. *Did McCarthy File a Facially Adequate Notice of Claim?*

■ The district court based its grant of summary judgment in part on the conclusion that McCarthy's claim was for his 1991 knee injury. The district court described as "not in dispute" that McCarthy "submitted to AIG Life a written notice of claims to recover under the policy for an alleged injury sustained on August 29, 1991." In stating this conclusion, the district court was apparently referring to the Proof of Loss Form which listed August 29, 1991 as the "Date of Accident." The district court then stated, "[t]o the extent that plaintiff makes a claim of breach of contract for the alleged 1991 accident, that claim is clearly without merit. As the facts indicate, AIG Life's policy did not cover plaintiff in 1991 because the policy was not in force until 1993."

McCarthy argues that the policy did not require him to notify AIG Life in his notice of claim of the date of the injury for which he would be claiming benefits. Whether a particular injury is or is not covered by AIG Life's policy, McCarthy argues, is a substantive question of the merits of the claim; it has no bearing on the more pro-

cedural question of whether the notice of claim was facially valid. McCarthy argues that the listing on the Proof of Loss Form of August 29, 1991 as the "Date of Accident" is irrelevant to whether the notice of claim was facially valid, *i.e.,* whether it provided adequate notice to AIG Life of a claim by McCarthy under the relevant policy. Therefore, McCarthy argues, the district court erred in considering any "Date of Accident" when referring to his notice of claim.

The policy provides, with respect to filing an appropriate notice of claim: "Notice given by or on behalf of the claimant to [AIG Life] . . . with information sufficient to identify the Insured Person shall be deemed notice to [AIG Life]." Thus, according to the unambiguous terms of the policy, all that is necessary for a valid notice of claim is that AIG Life be provided with information sufficient to identify the insured. AIG Life has pointed us to no provision in the policy that requires a notice of claim to specify to AIG Life the date of injury or accident for which an insured will be claiming benefits. It may well be that McCarthy's claim was related to his 1991 injury. But that has nothing to do with whether his notice of claim was facially valid. The question of whether his claim is related to his 1991 injury addresses the merits of the claim and, for the reasons stated below, is not appropriately answered at this stage of the proceedings. *See infra* Part IV.

McCarthy's April 30, 1996 Proof of Loss Form, which identified both McCarthy as the insured and the relevant policy number, was sufficient to satisfy the facial requirements for a valid notice of claim. In fact, AIG Life does not contest that this Proof of Loss Form satisfies the facial requirements of a notice of claim except to the extent that it refers to a 1991 accident. As noted above, the question of the date of

the accident for which a notice of claim is filed is related to the merits of the claim, not the facial validity of the notice *qua* notice.

## IV. *Did the Disability Result from a 1991 Injury or a 1995 Injury?*

█ AIG Life continuously asserts that McCarthy "acknowledges that the accident that caused his alleged disability occurred in 1991." To support this assertion, AIG Life references (1) the Proof of Loss Form, which listed August 29, 1991 as the date of the accident, and (2) a "statement" signed by McCarthy that describes a 1991 injury but does not mention a separate 1995 injury.

McCarthy vehemently contests AIG Life's characterization of the facts. McCarthy argues that the portion of the Proof of Loss form to which AIG Life refers was completed by USAir, not McCarthy. This portion of the form lists August 29, 1991 as the "Date of Accident" but it also lists April 17, 1995 as the "Date of Disability." On the basis of this form, we cannot say as a matter of undisputed fact that the 1995 disability noted on the form resulted from the 1991 accident listed on the form or from a separate 1995 accident. There is not enough evidence in the record to support the conclusion reached by the district court.

The "statement" to which AIG Life refers is a "Confirmation of Interview" prepared by an AIG Life interviewer. McCarthy signed the statement under the words, "I have read the above—I understand it—and it is true." The Confirmation of Interview specifically recounts the facts surrounding the 1991 accident. The Confirmation of Interview also states, "I began to see [a particular doctor] on April 19, 1995, shortly after my last day of work which was April 17, 1995." McCarthy argues that it is improper to impute to him a

description of events that was, in fact, worded by an AIG Life representative. Read in the light most favorable to McCarthy, *see Giordano*, 274 F.3d at 746, we conclude that the Confirmation of Interview does not support AIG Life's claim that McCarthy acknowledges that the 1991 injury caused his 1995 disability.

We offer no opinion as to whether McCarthy's claim was, in fact, for benefits resulting from his 1991 accident. The determination of that question must be left to the trier of fact.

## V. *Was the Notice of Claim Timely?*

■ AIG Life argues that even if McCarthy's notice of claim was facially adequate, and even if his claim related to a 1995 injury, the notice was untimely. Under the terms of the policy, McCarthy was required to file a "[w]ritten notice of claim . . . within 20 days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible." AIG Life argues that even if McCarthy's April 1995 injury constituted a separate injury, he did not file his written notice of claim until April 30, 1996, the date of the Proof of Loss Form. AIG Life argues—and the district court implicitly concluded—that because McCarthy was required to provide a notice of claim within twenty days after the injury, the twelve months between McCarthy's 1995 injury and the 1996 notice rendered that notice clearly untimely.

McCarthy counters that because he was applying for "Permanent Total Disability" benefits, he was not required to file a notice of claim until—at the earliest—one year and twenty days from the date of the accident or injury.

The Permanent Total Disability Provision states:

When, within one year after the date of the accident, the insured's injury results in continuous total disability lasting at least 12 consecutive months and at the end of that period the insured is judged by his or her doctor to have a permanent and total disability, we will pay the insured a lump sum permanent total disability benefit.

Understanding that his notice of claim needed to be filed within twenty days after the occurrence or commencement of any "loss covered by the policy," McCarthy believed the "loss" triggered by the Permanent Total Disability Provision would not occur or commence until twelve months after the date of the accident. McCarthy believed that AIG Life would not be liable for any Permanent Total Disability benefits—and thus there would be no "loss covered by the policy"—until this time. Consequently, he claims that since his injury occurred on April 17, 1995, he was not required to file a notice of claim with AIG Life until May 7, 1996, one year and twenty days later. Because he filed his Proof of Loss form on April 30, 1996, McCarthy argues that he filed timely notice of his April 17, 1995 injury.

We conclude that there exists a genuine issue as to when McCarthy was required to file a timely notice of claim. We come to that conclusion after attempting to reconcile the Notice of Claim Provision, the Permanent Total Disability Provision, and the policy's definition of "Injury." According to the policy, "Injury" is defined as, "bodily injury caused by an accident occurring while the policy is in force as to the Insured Person and resulting directly and independently of all other causes in loss covered by the policy." Neither "loss covered by the policy" nor "accident" are separately defined in the materials in the record. "Injury," under the policy definition, is "*caused by* an accident . . . *resulting directly* . . . in loss covered by the policy." (emphasis added). Thus the terms

"injury," "accident" and "loss covered by the policy" are necessarily separate terms with different meanings. *See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 558 (2d Cir.2000) ("In a situation of potential contract ambiguity, an interpretation that gives a reasonable and effective meaning to all terms of a contract is preferable to one that leaves a portion of the writing useless or inexplicable.").

AIG Life argues that McCarthy was required to give notice by May 8, 1995, twenty days after his *accident or injury.* Under AIG Life's reading, the policy would read: "Written notice of claim must be given ... within 20 days after the occurrence of any accident or injury." But the policy clearly states that notice should be provided "20 days after the occurrence or commencement of any loss covered by the policy." Under AIG Life's reading, "injury," "loss covered by the policy" and "accident" would all bear the same meaning. We believe AIG Life's reading of the Notice of Claim Provision is strained. *See id.* At the very least, the meaning of the provision is ambiguous. *See Haber v. St. Paul Guardian Ins. Co.*, 137 F.3d 691, 695 (2d Cir.1998) ("Language in an insurance contract will be deemed ambiguous if reasonable minds could differ as to its meaning."); *see also United States Fire Ins. Co. v. Gen. Reins. Corp.*, 949 F.2d 569, 572 (2d Cir.1991) ("As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading."). Therefore, the determination of whether McCarthy's notice of claim was timely properly cannot be made on this record at this stage of the proceedings. *See Lazard Freres & Co.*, 108 F.3d at 1544–45 (ambiguity in contract makes summary judgment inappropriate in a breach of contract suit); *see also Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan,* 7 F.3d 1091, 1094

(2d Cir.1993) (same); *State v. Home Indem. Co.*, 66 N.Y.2d 669, 671, 495 N.Y.S.2d 969, 971, 486 N.E.2d 827, 829 (1985) (per curiam) ("If ... the language in the insurance contract is ambiguous and susceptible of two reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact."). This is particularly true when, confronted with an ambiguous provision, we are to construe the provision against its drafter, AIG Life. *Revson,* 221 F.3d at 67 (noting that "equivocal contract provisions are generally to be construed against the drafter").

AIG Life claims, however, that even if McCarthy were allowed to file a notice of claim as late as May 7, 1996, he failed to meet that deadline. AIG Life argues that McCarthy did not inform it that his claim was for the April 17, 1995 injury until September 7, 1996, when McCarthy noted the injury in his letter requesting reconsideration of his claim. Because it was not informed about the April 17, 1995 injury until September 7, 1996, AIG Life claims that McCarthy's notice of claim was untimely.

As noted above, however, the unambiguous terms of the policy provide that all that is required for a facially valid notice of claim is that it provide information sufficient to identify the insured. *See supra* Part III. There is no dispute that the Proof of Loss Form provided that information. There is no requirement in the policy that a notice of claim provide AIG Life with the date of the injury for which an insured will be claiming benefits. We conclude that a genuine issue exists as to whether McCarthy could file a notice of claim one year and twenty days after his injury. Assuming that he was allowed to do so, the Proof of Loss Form, filed by McCarthy on April 30, 1996, adequately

meets the requirements in the policy for a facially valid notice of claim. Whether McCarthy's notice of claim informed AIG Life of the date of injury to which his claim relates is irrelevant to the issue of the timeliness of the notice.

## CONCLUSION

We conclude as a matter of law that the policy did not require McCarthy to inform AIG Life in his notice of claim of the date of the injury for which he would be seeking benefits. There is a genuine issue of fact as to whether McCarthy's 1995 disability resulted from his 1991 injury or from a separate 1995 injury. We also conclude that the policy is ambiguous as to what constitutes a timely notice of McCarthy's claim. Because these issues remain to be determined by the finder of fact, we vacate the district court's grant of summary judgment and remand this case for further proceedings.