**FOLKSAMERICA REINSURANCE COMPANY, successor-in-interest of Mony Reinsurance Corporation, Plaintiff–Counter–Defendant–Appellant,**

v.

**REPUBLIC INSURANCE COMPANY, Defendant–Counter–Claimant–Third–Party–Plaintiff–Appellee,**

**Aon Re Worldwide, Inc., and Aon Speciality Re, Inc., Third–Party–Defendants–Appellees.**

No. 04–2716–CV.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Douglas Capuder, Capuder Fazio Giacoia LLP, New York, New York, for Appellant.

Pieter Van Tol (Gary S. Lee, Darcy L. O'Loughlin, Ryan R. Littrell, on the brief), Lovells, New York, New York, for Appellee Republic Insurance Co.

Rodney M. Zerbe (James E. Tolan, on the brief), Dechert LLP, New York, New York, for Appellees Aon Re Worldwide, Inc., and Aon Speciality Re, Inc.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. DENNIS JACOBS, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 26th day of May, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's interim and amended final judgments are VACATED, that its orders are VACATED to the extent that they interpret the "prompt-DSOL provision" as a matter of law, that its order striking the Jessup affidavit is VACATED, and that the case is REMANDED for further proceedings.

Appellant Folksamerica Reinsurance Co. appeals from, *inter alia,* the December 2, 2003 amended opinion and order of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge* ) interpreting certain reinsurance certificates as a matter of law and granting partial summary judgment to appellee Republic Insurance Co. regarding one of three reinsurance certificates in dispute. The district court later granted summary judgment to Republic on the remaining two certificates. Folksamerica argues on appeal that the grants of summary judgment were in error. We assume the parties' familiarity with the underlying facts of this case and the procedural history.

We assign error to the district court's ruling that the prompt-DSOL provision (the first sentence of paragraph C of the certificates) is unambiguous and capable of interpretation as a matter of law. The terms of the reinsurance certificates create ambiguity as to what event triggers the duty to promptly provide a DSOL. On one hand, paragraph D ties the reinsurer's receipt of the DSOL to its payment obligation, indicating that a DSOL is due only after billing by the cedant. On the other hand, the definition of the term "definitive statement of loss" in paragraph F indicates the DSOL is due sometime before billing because the definition requires the DSOL to be sufficient to set reserves to indemnify the cedant for its losses.

No other term of the certificate renders the prompt-DSOL provision susceptible of only one interpretation. The second sentence of paragraph C could be read as requiring the first notice of a claim, but it could also be read as serving a filtering function by requiring a second notice (after the DSOL) to the reinsurer of claims that aggregate to a large sum. The "brought under" clause of the prompt-DSOL provision provides little help because the clause is itself ambiguous—the subject of the verb "brought" is not specified and could be either the cedant, bringing forward the claim for reinsurance payment, or the certificate terms, bringing a claim within the ambit of reinsurance coverage.

Because the "language in the insurance contract is ambiguous and susceptible of two reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of ambiguity is for the trier of fact." *State of New York v. Home Indem. Ins. Co.,* 66 N.Y.2d 669, 670, 495 N.Y.S.2d 969, 486 N.E.2d 827 (1985). Enough factual issues remain regarding the extrinsic evidence that summary judgment on the issue of the parties' intentions is inappropriate. Thus, we VACATE the district court's orders to the extent that they interpret the prompt-DSOL provision as a matter of law. Because the district court's grants of summary judgment to Republic depend on when Republic's duty to provide a DSOL arose, we VACATE those grants of summary judgment. We reject the treaty-certificate notice as a basis for upholding the facultative-certificate judgments. *See Unigard Sec. Ins. Co. v. N. River Ins. Co.,* 4 F.3d 1049, 1067 (2d Cir.1993).

Because Republic was not entitled to judgment as matter of law, we VACATE the district court's interim and final money judgments against Folksamerica. And because extrinsic evidence will be relevant on remand, we VACATE the district court's order striking the Jessup affidavit. For the foregoing reasons, we REMAND this case to the district court for further proceedings.