Mt. Hawley Ins. Co. v Michelle Kuo Corp. (2026 NY Slip Op 00427)

Mt. Hawley Ins. Co. v Michelle Kuo Corp.

2026 NY Slip Op 00427

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 656474/21|Appeal No. 5384|Case No. 2024-06114|

[*1]Mt. Hawley Insurance Company, Plaintiff-Respondent,
vMichelle Kuo Corp., Defendant, Argonaut Insurance Company, as Subrogee of 160 Bleecker Street Owners, Inc. et al., Defendants-Appellants.

McGivney, Kluger, Clark & Intoccia, P.C., New York (Eliot L. Greenberg of counsel), for Argonaut Insurance Company, appellant.
Robinson & Cole LLP, New York (Judy Lu of counsel), for Sentinel Insurance Company Ltd., appellant.
Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 5, 2024, which granted plaintiff's motion for summary judgment on its complaint seeking a declaratory judgment, dismissing defendants' counterclaims, and denied defendants' motion for summary judgment on their counterclaims and to dismiss the complaint, unanimously reversed, on the law, without costs, plaintiff's summary judgment motion denied, and defendants' motion for summary judgment on their counterclaims granted, the complaint dismissed and it is declared that plaintiff is obligated to defend and provide indemnification in the underlying subrogation actions. The Clerk is directed to enter judgment accordingly.
Plaintiff issued defendant an all-risk Commercial General Liability Insurance Policy and a Commercial Excess Liability Insurance Policy (collectively the Policy) in connection with construction work defendant was retained to complete, including the refurbishment of a bathroom. The Policy contains exclusions for property damage resulting from defendant's own labor and lists "interior tile" work as an exception to the exclusions.
During the construction of the bathroom, and in order to level and prepare the floor for tiling, defendant's laborer used welding equipment to secure a metal hatch door, which resulted in a fire causing property damage. Plaintiff denied coverage, taking the position that welding work was excluded from the Policy. Defendant maintains that the welding work was preparatory to the "interior tile" work, which is covered by the Policy.
Policy exclusions must be stated "in clear and unmistakable terms so that no one could be misled" (West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co., 250 AD2d 109, 112 [1st Dept 1998][internal quotation marks omitted])and "are to be accorded a strict and narrow construction" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]). To avoid coverage pursuant to an exclusion, the insurer must establish that the exclusions or exemptions apply to the incident in question and are subject to "no other reasonable interpretation" (id.).
Plaintiff here failed to meet this burden. The Policy fails to define "interior tile" work. Nor does it indicate the scope or extent of what constitutes "tiling work" or articulate whether the phrase was meant to encompass closely related preparatory tasks, which is a reasonable interpretation advanced by defendants (see State of New York v Home Indm. Co., 66 NY2d 669 [1985]). Accordingly, the Policy's exclusions and the "interior tile" exception is ambiguous. The record before us is conclusory and does not resolve these ambiguities. Well-settled "precedent[] require us to adopt the readings that narrow the exclusion[]" and construe ambiguities against the insurer plaintiff, resulting in coverage as a matter of law (Pioneer Town Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 308 [2009]; State of New York v Home Indem. Co., 66 NY2d at 671).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026